NO. 07-03-0295-CR


 07-03-0296-CR


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



NOVEMBER 25, 2003



______________________________




CURTIS SCOTT JONES, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;



NO. 44,236-C; 44,237-C; HONORABLE PATRICK A. PIRTLE, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Pursuant to a plea bargain Curtis Scott Jones plead guilty to two counts of murder.
The trial court sentenced him to 40 years confinement in the Texas Department of Criminal
Justice Institutional Division on each count. Appellant timely filed pro se notices of appeal
in the two cases. The trial court appointed counsel to represent appellant in his appeals.

 The clerk's records contain the trial court's certification in both records that these
are plea-bargained cases, and the defendant has no right of appeal. Tex. R. App. P.
25.2(a)(2) and (d). The records show the punishment assessed did not exceed the
punishment recommended by the prosecutor and agreed to by the defendant. Following
sentencing, appellant signed waivers of his right to appeal pursuant to the plea bargain
agreements. 

 The clerk of this court notified appointed counsel by letter on October 28, 2003, that
the appeals would be considered for dismissal on or after November 17, 2003, providing
an opportunity to respond. No response has been filed. As the records show that
appellant has no right of appeal, the appeals are dismissed. Tex. R. App. P. 25.2.


 James T. Campbell

 Justice



 

 


 

Do not publish. 



ption Locked="false" Priority="9" QFormat="true" Name="heading 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00103-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL E

 



JULY
13, 2011

 



 

RICHARD MARTINEZ, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

FROM THE 147TH DISTRICT COURT OF TRAVIS COUNTY;

 

NO. D-1-DC-09-500119; HONORABLE WILFORD FLOWERS, JUDGE



 



 

Before CAMPBELL
and HANCOCK, JJ., and BOYD, S.J.[1]

 

 

OPINION

 

 

             Appellant Richard Martinez appeals from his
jury conviction of the offense of injury to an elderly individual and the
resulting sentence of forty-five years of imprisonment.  Through one issue, he contends the trial
court erred by admitting evidence of his prior convictions for retaliation and
attempt to commit murder.  We will
affirm.

 

Background

            In June 2009, appellant was indicted
for the offense of injury to an elderly individual.[2]  The indictment also included enhancement
provisions, setting forth appellants previous convictions for retaliation,
attempt to commit murder, and two burglaries.[3]

            In March 2009, appellant attempted
to park his vehicle in an Austin parking space reserved for members and staff
of the Texas Senate.  The parking lot
attendant, then 75 years old, approached appellant to tell him the space was
reserved.  Appellant cussed at the
attendant and drove away.  He then drove
around the block and returned.  The
attendant again told appellant he could not park in the reserved space.  At that point, appellant again cursed at the
attendant and, the attendant testified, squirted
water all over him,[4]
whereupon the attendant began walking toward his nearby truck to call
police.  When the attendant reached his
truck, appellant was right behind him. 
The attendant testified he was scared and raised his clipboard.  Appellant hit him in the face, knocked him
down and began kicking him.  The
attendant was left with a knot on his right cheek.  The swelling and his headache lasted about
four days.

            Two witnesses testified they saw
appellant beating the attendant. 
Appellant testified in his own defense, admitting he struck and kicked
the attendant.  During cross-examination,
appellant testified the attendant was the aggressor, that he seemed to be a
very aggressive person, and that appellant would not touch anybody unless it
is in self-defense.  At the conclusion
of its cross-examination, the State received affirmative answers from appellant
to questions asking if he had a conviction for retaliation from August of
1995, an attempt to commit murder conviction from September of 1989, and
two burglary of a building convictions, felony convictions from 1982.  The defense voiced objections to the questions
asking about the retaliation and attempted murder convictions, based on Rules
of Evidence 403 and 404(b), and on constitutional grounds.  After a hearing outside the jurys presence
on appellants objections, the trial court overruled them, noting the
convictions also were admitted as a prior felony conviction for impeachment
purposes.

Analysis

            In his sole issue on appeal,
appellant argues the trial court reversibly erred when it admitted testimony
concerning his prior convictions for retaliation and attempt to commit
murder.  The State argues appellants
issue is not preserved for our review. We agree.

            The substance of an objection at
trial must comport with that asserted on appeal.  Pena v. State, 285 S.W.3d 459, 464 (Tex.Crim.App.
2009).  If it does not, the matter
is not preserved for appellate review.  Id.     

On appeal, appellant presents his contention under the
framework of Rule of Evidence 609, arguing the factors set out in Theus v. State, 845 S.W.2d 874, 880 (Tex.Crim.App. 1992) required exclusion of the evidence of
the retaliation and attempted murder convictions.  See Tex.
R. Evid. 609. 
Appellant concedes he objected on different bases at trial.  He effectively contends that his Rule 403
objection should be treated as including an objection that the convictions were
not admissible under Rule 609.  

We do not agree that an objection based on Rule 609 was
inherent in appellants voiced Rule 403 objection.  See
Deleon v. State, 126 S.W.3d 210, 214
n.2 (Tex.App.Houston [1st Dist.] 2003,
pet. refd) (noting differences in application of Rules
403 and 609); Dawson
v. State, No. 14-07-00652-CR, 2008 Tex.App. LEXIS 8320, at * 8-9 (Tex.App.Houston [14th Dist.] Nov. 6, 2008, no pet.) (mem. op.,
not designated for publication) (finding Rule 609 challenge not preserved by
objections based on Rules 403 and 404); See also Adams v. State,
No. 14-04-00536-CR, 2006 Tex. App. LEXIS 1020, at * 5-6 (Tex.App.Houston
[14th Dist.] Feb. 9. 2006, no pet.); Mills v. State, No. 05-02-01109-CR, 2003
Tex.App. LEXIS 9228, at *4-5
(Tex.App.Dallas Oct. 30, 2003, no pet.) (mem. op., not designated for publication) (both finding Rule 609 complaint on appeal not preserved by
trial objection to relevance).

Appellant further contends that the record shows it was
apparent to the trial court that his voiced Rule 403 objection included the Rule
609 ground.[5]  Having examined the record closely, we cannot
agree with appellants contention.  In
particular, we agree with the State that the courts, and appellants,
continued references to Rule 403 following the trial courts statement that the
attempted murder conviction also was admissible as a prior felony conviction
for impeachment purposes indicates that both appellant and the trial court
were focused at that time on Rule 403.[6]  We conclude no objection based on inadmissibility
of the prior convictions under Rule 609 was preserved for review.

Moreover, even had the issue been preserved and had we
determined the court erred by admitting evidence of the retaliation and
attempted murder convictions, the error was harmless.  Error in the admission of evidence of an
extraneous offense constitutes nonconstitutional
error that is subject to harm analysis.  Boyd v. State, 899 S.W.
371, 375-76 (Tex.App.Houston [14th Dist.]
1995, no writ).  We are to
disregard nonconstitutional error that does not
affect the substantial rights of the defendant. 
Tex. R. App. P. 44.2(b).  A substantial right is affected when the
error had a substantial and injurious effect or influence in determining the
jurys verdict.  Russell v. State, 113 S.W.3d 530, 549 (Tex.App.Fort
Worth 2003, pet. refd), citing King v. State, 953 S.W.2d 266, 271 (Tex.Crim.App.
1997). 

The evidence of appellants prior retaliation and attempted
murder convictions was admitted at the very end of the States case and was not
mentioned again, in either testimony or argument.  Additionally, testimony of disinterested
witnesses supported the parking lot attendants version of events, and
appellant acknowledged striking and kicking the attendant.  We agree with the State that admission of the
convictions did not have a substantial and injurious effect or influence on the
jurys verdict.  

Accordingly, we overrule appellants sole issue
and affirm the judgment of the trial court.

 

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 

 

Publish.

 











[1]  
John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.  





[2]
See Tex. Penal
Code Ann. § 22.04(1)(b)(1)(West Supp. 2010).





[3]
At the punishment stage of
trial, appellant plead true to each enhancement.





[4]
A Department of Public Safety
investigator who was among the officers who responded to a call for assistance
testified appellant told him, after Miranda
warnings, that he had some holy water, and had gone to the capitol building that
day to bless the Capitol.  Appellant
later testified he came to the capitol to speak with someone about a
disagreement with a parole officer over the terms of his parole.  





[5] See
Tex. R. App. P. 33.1(a)(1)(A) (referring to occasions
on which specific grounds for complaint to trial court are apparent from the
context).  Appellant also points to the
bases underlying his motion in limine filed at trial
with regard to the States intentions to offer his prior convictions. He points
out his motion referred specifically to Rule 609.  A grant of a motion
in limine is only a preliminary ruling, and does not preserve error
in the admission of evidence; a separate trial objection must be made at the
time the evidence is offered for admission. Geuder v. State, 115
S.W.3d 11, 14-15 (Tex. Crim. App. 2003).  See
also Nobles v. State, No. 04-09-0234-CR, 2010 Tex.App.
LEXIS 2605, at *3 (Tex.App.San Antonio April 14,
2010, pet. refd) (motion in limine
as to Rule 609 did not preserve error when no objection and ruling was obtained
on that basis at trial). 





[6]
The State gave notice to
appellant of its intention to offer evidence of the prior convictions, pursuant
to Rules of Evidence 404(b) and 609. 
Neither party on appeal discusses the admissibility of appellants prior
retaliation and attempted murder convictions to rebut his claim of
self-defense.  See, e.g., Deleon, 126 S.W.3d at 213. 
See also Lemmons
v. State, 75 S.W.3d 513, 522-23 (Tex.App.San Antonio
2002, pet. refd) (extraneous offense evidence
offered by the State to show murder defendant was aggressor in the past was
relevant to rebut his self-defense claim); White
v. State, No. 11-08-00241-CR, 2010 Tex.App. LEXIS 5604, at *10 (Tex.App.Eastland
July 15, 2010, no pet.) (mem. op., not
designated for publication) (similar finding).