Affirmed and Majority and Concurring Memorandum Opinions filed October
3, 2006








 

Affirmed and Majority and Concurring Memorandum Opinions filed
October 3, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00680-CR

____________

 

WAYNE MARK ARMELIN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 232nd
District Court

Harris County, Texas

Trial Court Cause No. 1029992

 



 

C O N C U R R I N G   M E M O R A N D U M   O P I N I O N

Appellant complains that the trial court erred in excluding
evidence that would have discredited the complainant=s credibility. 
Though the precise wording of appellant=s issue states the
trial court committed reversible error when it violated his Sixth Amendment
right to confrontation and cross-examination, the body of his brief contains a
broader argument, summarized as follows:

 

 








Summary of the Argument

In one point of
error, the appellant complains that the trial court erred in failing to permit
the appellant to introduce testimony showing a bias or prejudice by the
complainant toward the appellant and a motive for her to fabricate a story
against the appellant.     

The majority does not address this argument but instead
concludes that appellant=s objection below was not specific enough
to preserve his constitutional challenge on appeal.  The majority is correct
that appellant waived his constitutional challenge by failing to assert it
below.  See Reyna v. State, 168 S.W.3d 173, 179B80 (Tex. Crim.
App. 2005).  However, this court should also address appellant=s broader
impeachment complaint asserted in his brief regarding the complainant=s alleged bias,
prejudice, or motive to fabricate.  By failing to secure an adverse ruling on
this complaint from the trial court, appellant failed to preserve error as to
this broader complaint.

A trial court=s grant or denial
of a motion in limine is a preliminary ruling only and normally preserves
nothing for appellate review.  Geuder v. State, 115 S.W.3d 11, 14-15
(Tex. Crim. App. 2003).  To preserve error in the exclusion of evidence, the
complaining party must actually offer the evidence or a summary of the evidence
and secure an adverse ruling from the court. Tex.
R. Evid. 103(a)(2); Tex. R. App.
P. 33.1(a); Guidry v. State, 9 S.W.3d 133, 153 (Tex. Crim.
App.1999).  The record reflects the following exchange regarding the State=s motion in
limine:

[trial court:] We=ll get on the record.  The State=s made a motion in limine with
respect to testimony from Rita Deshayes about conduct of the complaining
witness in 2002 and I granted the State=s motion in limine.  I don=t think that her conduct in 2002 as far as Ms.
Deshayes would be very probative of any issues before this jury but with
respect to Ms. Deshayes [sic] testimony about things that happened in 2004,
specifically the car incident at the office of the apartment complex that
should come in.

[defense counsel:] Now if there were any incidents of stalking in 2004
would you consider that to be relevant?

[trial court:] If you=re talking about [the complainant] doing something to Ms. Deshayes B








[defense counsel:] In B 

[trial court:] Probably
not.  Can you be more specific?

[defense counsel:] Only in terms of
making telephone calls, showing up at her job, driving by her home. 

[trial court:] When?

* * *

[defense counsel:]
Prior to August 12th.

[trial court:] Before
July 3rd.

[defense counsel:] I
think.  Judge I=m really not sure.

[trial curt:] Probably
not going to be relevant.

[defense counsel:] But I would like to reserve the right later to do an
exception to the Bill.

[trial court:] Sure.

After both Rita Deshayes and appellant had testified,
appellant=s counsel made the following record outside the
presence of the jury:

[defense counsel:] Now comes Wayne Armelin.  In Cause No. 1029992 where
he has been charged with the offense of stalking and would except, by Bill of
Exception to The Court=s refusal[[1]]
to allow the testimony of Defendant Armelin witness Rita Jo Deshayes as to the
activites of a complainant . . . during the months prior to the dates listed in
the indictment being that Rita Jo Deshayes would have testified the complaining
witness has continuously and without interruption for a period of 3 months
driven by her home, made numerous telephone calls on her telephone, threatening
not only Rita Jo Deshayes but also Mr. Wayne Armelin with the fact that each of
them was going to go to hell or burn up in a lake of fire if they continued
what she deemed as an illicit relationship and the Defendant Armelin submits
that the jury should have heard such testimony because it would have gone to
the weight, reliability and the credibility of the complainant for the stalking
charge of which she has instigated and to which Mr. Armelin stands in trial
today.

All right.  Judge that=s basically our Bill of Exception.

[trial court:] All
right.  Ya=ll [sic] are free for lunch until
2:00.








[defense counsel:] Thank
you.

Significantly, there is no indication in the record that
appellant ever secured an adverse ruling regarding the admissibility of such
evidence.  Thus, appellant has failed to preserve not only the constitutional
claim the majority opinion addresses, but his broader impeachment complaint, as
well.     

 

 

/s/      Kem Thompson Frost

Justice

 

 

Judgment rendered
and Majority and Concurring Memorandum Opinions filed October 3, 2006.

Panel consists of
Justices Anderson, Edelman, and Frost.  (Anderson, J., majority).

Do Not Publish C Tex. R. App. P. 47.2(b).

 









[1]  The record does not reflect an attempt by appellant
to question Ms. Deshayes regarding any of these matters or a refusal by the
trial court to allow him to do so.