Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio


## MEMORANDUM OPINION

No. 04-09-00234-CR

Johnny Michael **NOBLES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 112th Judicial District Court, Sutton County, Texas
Trial Court No. 2142
Honorable Pedro Gomez, Jr., Judge Presiding

Opinion by:     Phylis J. Speedlin, Justice

Sitting:        Catherine Stone, Chief Justice
                Phylis J. Speedlin, Justice
                Marialyn Barnard, Justice

Delivered and Filed: April 14, 2010

AFFIRMED

In his sole issue on appeal, Johnny Michael Nobles asserts the trial court erred in admitting evidence of two prior felony convictions during the guilt/innocence phase of trial. We overrule his issue on appeal and affirm the trial court's judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

Nobles was indicted on one count of aggravated robbery and one count of aggravated assault with a deadly weapon. The charges arose out of an incident that occurred after Nobles and his

companion ran out of gas and were picked up along the roadside by the complainant who agreed to drive them to a gas station. When the complainant refused to drive them back to their van, Nobles held a box cutter to the complainant's throat and told him he wanted the complainant's pickup truck. The complainant was able to escape and call the police who arrested Nobles. After a jury trial, Nobles was convicted of both counts and the court assessed the punishment recommended by the jury of fifty (50) years' imprisonment on the aggravated robbery count and twenty (20) years' imprisonment on the aggravated assault with a deadly weapon count, with the sentences to be served concurrently. Nobles timely appealed.

## ANALYSIS

Nobles contends the trial court erred in admitting evidence of two prior convictions, a theft conviction in 1985 and a burglary of a habitation conviction in 1987. The State responds that Nobles opened the door and failed to preserve any error in the admission of the prior convictions. Before trial began, Nobles presented his motion in limine to the court, objecting to any reference to the 1985 and 1987 prior convictions under Rule 609[1] of the Texas Rules of Evidence. Even though Nobles did not specify that he was making a remoteness objection, it is clear from the context of the discussion that the parties and the court understood that Nobles's reference to Rule 609 was based on the fact that two of his prior convictions were more than ten years old. *See* TEX. R. EVID. 609(b) (precluding admission of a conviction if more than ten years has elapsed since the conviction date or release date, unless the court determines the probative value substantially outweighs its prejudicial effect). The trial court granted Nobles's motion in limine, and took the Rule 609 objection under

---

[1] Nobles's written motion in limine is limited to Rules 401, 404(b), and 403; however, during the hearing on the motion in limine, Nobles's counsel argued Rule 609 as an additional basis for granting the motion as to prior convictions. TEX. R. EVID. 401, 403, 404(b), 609.

advisement, stating, "[l]et's see how it's all going to pan out." Therefore, because Nobles did not obtain an adverse ruling on his Rule 609 remoteness objection, the issue of remoteness of the prior convictions was not preserved for appellate review at that time. *See* TEX. R. APP. P. 33.1(a) (to preserve error for appellate review, the complaining party must obtain a ruling on his objection, or object to court's failure to rule). Moreover, a grant of a motion in limine is only a preliminary ruling, and does not preserve error in the admission of evidence; a separate trial objection must be made at the time the evidence is offered for admission. *Geuder v. State*, 115 S.W.3d 11, 14-15 (Tex. Crim. App. 2003). Here, Nobles's motion was a true motion in limine, requesting only that the State not refer to the evidence until a hearing was held to determine its admissibility.

During trial, the State did not attempt to introduce evidence of Nobles's prior convictions during its case-in-chief. Nobles testified to his version of events during the defense case. While describing his reaction when the complainant called the police, Nobles stated, "I have been in trouble with the law before, and I didn't want to have anything to do with any officers or anything." His counsel then asked several questions which elicited responses from Nobles detailing his past criminal history and the fact that he was currently on parole. Specifically, Nobles testified that he was arrested 16 years ago for stealing a vehicle, received an 18-year sentence for escaping from a half-way house in 1988 while he was on parole for a prior conviction, and served about nine years in prison for various parole violations during the period from 1993 to 2008. During cross-examination by the State, Nobles testified, without objection, that he knew he had an outstanding parole violation warrant based on four months of failing to report at the time of the instant offenses. The State also questioned Nobles about his prior convictions for burglary of a habitation, escape from a half-way house, and unauthorized use of a motor vehicle. No objection was made under Rule 609 or

otherwise. Because Nobles's motion in limine did not preserve any error in the admission of the evidence concerning the prior convictions, and Nobles did not raise a trial objection, and in fact opened the door to the evidence, he failed to preserve any error. *Geuder*, 115 S.W.3d at 14-15; *Martinez v. State*, 22 S.W.3d 504, 507 (Tex. Crim. App. 2000) (trial objection is required to preserve error); TEX. R. APP. P. 33.1(a). Accordingly, we overrule Nobles's sole issue on appeal, and affirm the trial court's judgment.

Phylis J. Speedlin, Justice

DO NOT PUBLISH