

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-10-515-CR

STEVE PASILLAS                                                                    APPELLANT

V.

THE STATE OF TEXAS                                                               STATE

----------

## FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Steve Pasillas of sexual assault of a child and assessed his punishment at forty years' confinement. The trial court sentenced him accordingly. Appellant brings three points, arguing that the trial court improperly admitted certain evidence and that the evidence is insufficient to sustain his conviction. Because the evidence is sufficient to support Appellant's

---

[1]*See* Tex. R. App. P. 47.4.

conviction and because he does not clearly specify the evidence of which he complains, we affirm the trial court's judgment.

## I. Background Facts

Appellant appeals from his conviction of the sexual assault of his sister, J.P. At trial, J.P. testified that Appellant had sexually assaulted her on multiple occasions, beginning when she was in the first grade, stopping when she was in the third grade, and resuming when she was in the seventh grade.

The State also called Araceli Desmarais, a sexual assault nurse examiner at Cook Children's Medical Center in Fort Worth, to testify about her examination of J.P. Desmarais testified about the physical findings from her examination of J.P. as well as about statements J.P. had made during the examination about sexual encounters between Appellant and her.

## II. Evidentiary Rulings

In his first point, Appellant argues that the trial court abused its discretion by admitting hearsay evidence over his objections. Appellant directs us to three places in the record where he objected to Desmarais's testimony on the grounds of hearsay. The first was in response to the question, "And at that time of taking the patient history, what did [J.P.] tell you for the purpose of treatment and diagnosis?" The second hearsay objection was lodged in response to the statement, "She stated: 'My brother, Steve, did stuff to me.' And I asked her how old she was when it started." The third hearsay objection to which Appellant directs us was in response to the question, "What were the things after the yes-

or-no questions that she told you?" Desmarais then began to recount the child's description of the sexual abuse she had suffered with no objection from Appellant. Desmarais completed her testimony on direct examination with no further hearsay objections.

To preserve error, a party must continue to object each time the objectionable evidence is offered.[2] A trial court's erroneous admission of evidence will not require reversal when other such evidence was received without objection, either before or after the complained-of ruling.[3] This rule applies whether the other evidence was introduced by the defendant or the State.[4] Because Appellant did not object each time the complained-of evidence was offered, he forfeited this point. We overrule Appellant's first point.

In his second point, Appellant complains that the trial court abused its discretion by admitting extraneous offense evidence during the guilt phase over his rule 403 and rule 404 objections. While Appellant obtained a ruling on his objections at the beginning of J.P.'s account of extraneous incidents and renewed his objections once, he failed to contemporaneously object to more than six pages of J.P.'s recounting of extraneous incidents and failed to make a

---

[2]*Geuder v. State*, 115 S.W.3d 11, 13 (Tex. Crim. App. 2003); *Martinez v. State*, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003) (citing *Ethington v. State*, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991)); *Fuentes v. State*, 991 S.W.2d 267, 273 (Tex. Crim. App.), *cert. denied*, 528 U.S. 1026 (1999).

[3]*Lane v State*, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004); *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998).

[4]*Leday*, 983 S.W.2d at 718.

running objection.  Consequently, he forfeited this point.[5]  We overrule Appellant's second point.

### III.  Sufficiency of the Evidence

In his third point, Appellant argues that the evidence is insufficient to support his conviction.  He does not, however, inform us of the manner in which the evidence is insufficient.  He merely states that the prosecution is required to prove every element of an offense beyond a reasonable doubt and that the State failed to do so.  Although Appellant argues that the testimony of the child was ambiguous and lacked credibility, he does not inform us what that testimony was, in what way it was ambiguous, or why we should overturn the jury's determination of credibility.  He also argues that without the improperly admitted hearsay testimony of Desmarais, the State's entire case would fail, but he does not explain to us why it would fail.  We note that we must consider all evidence, even improperly admitted evidence, in evaluating the sufficiency of the evidence a criminal case.[6]  We further note that the jury, not this court, is the sole judge of the weight and credibility of the evidence.[7]  We overrule Appellant's third point.

---

[5]*See Geuder*, 115 S.W.3d at 13; *Martinez*, 98 S.W.3d at 193; *Fuentes*, 991 S.W.2d at 273.

[6]*Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007); *Moff v. State*, 131 S.W.3d 485, 489–90 (Tex. Crim. App. 2004).

[7]*See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Brown v. State*, 270 S.W.3d 564, 568 (Tex. Crim. App. 2008), *cert. denied*, 129 S. Ct. 2075 (2009); *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

## IV. Conclusion

Having overruled Appellant's three points, we affirm the trial court's judgment.

LEE ANN DAUPHINOT
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: December 8, 2011

5