02-10-515-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-10-515-CR

 

 


 
 
 STEVE PASILLAs
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE
213th District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

A
jury convicted Appellant Steve Pasillas of sexual assault of a child and
assessed his punishment at forty years’ confinement.  The trial court sentenced
him accordingly.  Appellant brings three points, arguing that the trial court
improperly admitted certain evidence and that the evidence is insufficient to
sustain his conviction.  Because the evidence is sufficient to support
Appellant’s conviction and because he does not clearly specify the evidence of
which he complains, we affirm the trial court’s judgment.

I.  Background
Facts

Appellant
appeals from his conviction of the sexual assault of his sister, J.P.  At
trial, J.P. testified that Appellant had sexually assaulted her on multiple
occasions, beginning when she was in the first grade, stopping when she was in
the third grade, and resuming when she was in the seventh grade.

The
State also called Araceli Desmarais, a sexual assault nurse examiner at Cook
Children’s Medical Center in Fort Worth, to testify about her examination of
J.P.  Desmarais testified about the physical findings from her examination of
J.P. as well as about statements J.P. had made during the examination about
sexual encounters between Appellant and her.

II. 
Evidentiary Rulings

In
his first point, Appellant argues that the trial court abused its discretion by
admitting hearsay evidence over his objections.  Appellant directs us to three
places in the record where he objected to Desmarais’s testimony on the grounds
of hearsay.  The first was in response to the question, “And at that time of
taking the patient history, what did [J.P.] tell you for the purpose of
treatment and diagnosis?”  The second hearsay objection was lodged in response
to the statement, “She stated:  ‘My brother, Steve, did stuff to me.’  And I
asked her how old she was when it started.”  The third hearsay objection to
which Appellant directs us was in response to the question, “What were the
things after the yes-or-no questions that she told you?”  Desmarais then began
to recount the child’s description of the sexual abuse she had suffered with no
objection from Appellant.  Desmarais completed her testimony on direct
examination with no further hearsay objections.

To
preserve error, a party must continue to object each time the objectionable
evidence is offered.[2]  A trial court’s
erroneous admission of evidence will not require reversal when other such
evidence was received without objection, either before or after the
complained-of ruling.[3]  This rule applies
whether the other evidence was introduced by the defendant or the State.[4] 
Because Appellant did not object each time the complained-of evidence was
offered, he forfeited this point.  We overrule Appellant’s first point.

In
his second point, Appellant complains that the trial court abused its
discretion by admitting extraneous offense evidence during the guilt phase over
his rule 403 and rule 404 objections.  While Appellant obtained a ruling on his
objections at the beginning of J.P.’s account of extraneous incidents and
renewed his objections once, he failed to contemporaneously object to more than
six pages of J.P.’s recounting of extraneous incidents and failed to make a
running objection.  Consequently, he forfeited this point.[5] 
We overrule Appellant’s second point.

III. 
Sufficiency of the Evidence

In
his third point, Appellant argues that the evidence is insufficient to support
his conviction.  He does not, however, inform us of the manner in which the
evidence is insufficient.  He merely states that the prosecution is required to
prove every element of an offense beyond a reasonable doubt and that the State
failed to do so.  Although Appellant argues that the testimony of the child was
ambiguous and lacked credibility, he does not inform us what that testimony
was, in what way it was ambiguous, or why we should overturn the jury’s
determination of credibility.  He also argues that without the improperly
admitted hearsay testimony of Desmarais, the State’s entire case would fail,
but he does not explain to us why it would fail.  We note that we must consider
all evidence, even improperly admitted evidence, in evaluating the sufficiency
of the evidence a criminal case.[6]  We further note that the
jury, not this court, is the sole judge of the weight and credibility of the
evidence.[7]  We overrule Appellant’s
third point.

IV. 
Conclusion

Having
overruled Appellant’s three points, we affirm the trial court’s judgment.

 

 

LEE ANN DAUPHINOT
JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; DAUPHINOT and WALKER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  December 8, 2011









[1]See Tex. R. App. P. 47.4.





[2]Geuder v. State,
115 S.W.3d 11, 13 (Tex. Crim. App. 2003); Martinez v. State, 98 S.W.3d
189, 193 (Tex. Crim. App. 2003) (citing Ethington v. State, 819 S.W.2d
854, 858 (Tex. Crim. App. 1991)); Fuentes v. State, 991 S.W.2d 267, 273
(Tex. Crim. App.), cert. denied, 528 U.S. 1026 (1999).





[3]Lane v State, 151
S.W.3d 188, 193 (Tex. Crim. App. 2004); Leday v. State, 983 S.W.2d 713,
718 (Tex. Crim. App. 1998).





[4]Leday, 983 S.W.2d
at 718.





[5]See Geuder, 115
S.W.3d at 13; Martinez, 98 S.W.3d at 193; Fuentes, 991 S.W.2d at
273.





[6]Clayton v. State,
235 S.W.3d 772, 778 (Tex. Crim. App. 2007); Moff v. State, 131
S.W.3d 485, 489–90 (Tex. Crim. App. 2004).





[7]See Tex. Code Crim.
Proc. Ann. art. 38.04 (West 1979); Brown v. State, 270 S.W.3d 564, 568
(Tex. Crim. App. 2008), cert. denied, 129 S. Ct. 2075 (2009); Williams
v. State, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).