

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00105-CR

| | | |
|---|---|---|
| Derrick T. Cavitt | § | From the 396th District Court |
| | § | of Tarrant County (1194940D) |
| v. | § | December 21, 2012 |
| | § | Per Curiam |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

SECOND DISTRICT COURT OF APPEALS


PER CURIAM



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 02-12-00105-CR**

DERRICK T. CAVITT                                    APPELLANT

V.

THE STATE OF TEXAS                                    STATE

----------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. Introduction

In two points, Appellant Derrick T. Cavitt appeals his conviction for aggravated assault of a public servant. We affirm.

### II. Factual and Procedural Background

When Fort Worth Police Officer Kaare Martin responded to a domestic disturbance call around 3:50 a.m.,[2] he found Cavitt standing in the driveway at

---

[1]*See* Tex. R. App. P. 47.4.

the call's location and asked him what was going on. Cavitt told him that he had not done anything but moved away as the uniformed officer approached him. A foot chase ensued, with Cavitt continuing to run despite the officer's orders to stop.

Cavitt subsequently engaged in a struggle with Officer Martin and Officer Jimmy Hewett Jr., who arrived as backup. They ordered Cavitt to stop resisting four or five times, but Cavitt would not comply. At one point, Officer Hewett lost control of his flashlight, and Cavitt grabbed it and swung it, striking Officer Martin in the head. Cavitt continued to struggle after the police sprayed him with pepper spray. Officer Christopher Britt arrived as backup and helped the two other officers take Cavitt into custody. Cavitt struggled and yelled as they placed him in the police vehicle, and the police placed him in a "spit sock" because he had been spitting and kicking inside the patrol car.

During the defense's case, Cavitt's neighbor Katrina Davis testified that the altercation occurred in her front yard and that she saw flashes of electric light and assumed that Cavitt had been tased. DeBoise, Cavitt's grandmother, testified that she had called 9-1-1 because Cavitt was a paranoid schizophrenic and was

---

[2]Cavitt's grandmother, Barbara DeBoise, had called 9-1-1 to report that Cavitt was out of control: screaming, slamming doors, and causing trouble. DeBoise testified that when she called the police, she told them that Cavitt "was acting funny" and that she "didn't know whether he was full of drugs or what, but he needed help." DeBoise admitted during cross-examination that she did not tell the 9-1-1 operator that Cavitt needed to go to the hospital or that Cavitt was a paranoid schizophrenic.

bipolar, had run out of his medication, and needed to go to the hospital and that she told the police that Cavitt needed to go to the hospital but they did not respond to her. During cross-examination, DeBoise said that she did not recall saying that Cavitt had been at a drug house earlier that day but admitted that she might have said that she was concerned that he had overdosed that day.

A jury convicted Cavitt of aggravated assault against a public servant, and the trial court entered judgment on this verdict and sentenced him to thirty years' confinement. This appeal followed.

### III. Sufficiency of the Evidence

In his first point, Cavitt asserts that the evidence is insufficient to convict him of aggravated assault of a public servant because there was no evidence of his intent to strike the officer.

The State charged Cavitt with intentionally or knowingly causing bodily injury to Officer Martin by striking him with the flashlight. *See Byrd v. State*, 336 S.W.3d 242, 246 (Tex. Crim. App. 2011); *see also* Tex. Penal Code Ann. §§ 22.01(a)(1), 22.02(a)(2), (b)(2)(B) (West 2011). A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result. Tex. Penal Code Ann. § 6.03(a) (West 2011). A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist, and he acts knowingly, or with knowledge, with respect to a

4

result of his conduct when he is aware that his conduct is reasonably certain to cause the result. *Id.* § 6.03(b).

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012). We must review circumstantial evidence of intent with the same scrutiny as other elements of an offense. *Laster v. State*, 275 S.W.3d 512, 519–21 (Tex. Crim. App. 2009) (overruling *Margraves v. State*, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000)); *see Kutzner v. State*, 994 S.W.2d 180, 184 (Tex. Crim. App. 1999) ("Circumstantial evidence, by itself, may be enough to support the jury's verdict.").

The record reflects that during his struggle with Officer Martin, Cavitt grabbed the flashlight, swung it in Officer Martin's direction, and hit Officer Martin in the face with it as he struggled to get away from the officers: Officer Hewett testified that he lost control of the flashlight when he entered the on-going struggle between Cavitt and Officer Martin and that Cavitt, who was resisting the officers' commands, grabbed it and "started swinging it around." Officer Hewett testified that Cavitt, who was laying on his back, swung the flashlight at least twice; on the second swing, he struck Officer Martin with a hard blow. Officer

5

Hewett said that it appeared to him that Cavitt swung the flashlight toward him and Officer Martin.

Officer Martin testified that he was hit with a very hard object and then felt a "sharp pain in the right side of [his] face. [He] immediately saw stars, and [he] felt wet running down [his] face," which turned out to be blood from the cut under his eye.[3] The flashlight in question was a thirteen-inch-long metal Maglite with around a two-inch diameter, containing a battery pack the equivalent of three D batteries. According to Officer Hewett, "If you hit someone in the right spot [with it], it could easily kill them."

Based on this evidence, as well as evidence in the record of Cavitt's resistance to the police before and after they took him into custody, a rational trier of fact could have found the essential elements of aggravated assault against a public servant beyond a reasonable doubt, particularly with respect to Cavitt's intent and knowledge. Therefore, we overrule Cavitt's first point.

## IV. Speculation

In his second point, Cavitt asserts that the trial court erred by overruling his objection to speculation by Officer Hewett. Specifically, he asserts that Officer Hewett "speculated or presumed" that Cavitt intended to strike Officer Martin with the flashlight. The State responds that Cavitt waived this point because his objection was untimely, referring to the following portion of the record:

---

[3]Officer Martin testified that his injury was not caused by jumping through bushes while pursuing Cavitt.

6

Q. Was the Defendant just kind of flailing around with it or did it look like he was deliberately trying to strike somebody?

A. I would—seems to me that he was trying to strike since he actually hit Officer Martin.

Q. Was it moving in one direction then, basically?

A. Yeah, it was—

[Cavitt's counsel]: Pardon me. Calls for speculation, Judge.

THE COURT: Overruled.

The timing of Cavitt's objection appears to be to the question about the movement of the flashlight, not to the question of Cavitt's intent to strike the officer. If, in fact, the objection was to the movement of the flashlight, the trial court properly overruled the objection to speculation because the question calls for a factual observation of Officer Hewett—the direction of movement of the flashlight—and does not call for any speculation on his part.

Further, Cavitt did not object to the question concerning his intent in swinging the flashlight, and nothing in the language used points out to the trial court that the speculation objection was actually made to anything prior to the question about the movement of the flashlight. Rule of appellate procedure 33.1 requires in part that, as a prerequisite to presenting a complaint for appellate review, the record show that the complaint was made to the trial court by a timely objection that states the grounds for the ruling sought with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds are apparent from the context. Tex. R. App. P. 33.1(a)(1). On the

7

record here, the trial court properly ruled on the objection made to the question that preceded it, and if the objection was to a prior question, Cavitt failed to preserve it for our review.[4] We overrule Cavitt's second point.

## V. Conclusion

Having overruled both of Cavitt's points, we affirm the trial court's judgment.


PER CURIAM

PANEL: MCCOY, J.; LIVINGSTON, C.J.; and GABRIEL, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: December 21, 2012

---

[4]Likewise, Cavitt failed to object when Officer Hewett subsequently testified that in his opinion, Cavitt intentionally struck Officer Martin with the flashlight. *See Geuder v. State*, 115 S.W.3d 11, 13 (Tex. Crim. App. 2003) (noting that generally, to preserve error, a party must continue to object each time the objectionable evidence is offered). A trial court's erroneous admission of evidence will not require reversal when other such evidence was received without objection, either before or after the complained-of ruling. *Estrada v. State*, 313 S.W.3d 274, 302 n.29 (Tex. Crim. App. 2010), *cert. denied*, 131 S. Ct. 905 (2011).