**Opinion issued March 25, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00258-CR

————————————

## SEITRICH DEANDRE BUCKNER, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 176th District Court
Harris County, Texas
Trial Court Case No. 1273331

## MEMORANDUM OPINION

Appellant, Seitrich Deandre Buckner, was charged with capital murder[1] in

the death of the complainant, Aidee Reyna.  A jury convicted him of the lesser-

---

[1]    *See* TEX. PENAL CODE ANN. § 19.03 (Vernon Supp. 2013).

included offense of felony murder,[2] and the trial court assessed his punishment at confinement for life. In his sole issue on appeal, appellant argues that the "combined effect" of playing his recorded interrogation and confession and admitting the testimony of his interrogator was so prejudicial that it deprived him of his due process right to a fair trial.

We affirm.

## Background

Aidee Reyna was found murdered near her apartment with a gunshot wound to the neck. Investigators found her cell phone, but her purse was missing. Within one hour after the murder, someone began using Reyna's bank card. Investigating officers tracking the use of the card were eventually led to Kendrick Baldwin. Baldwin was working at the time of the murder, but he told investigators that his friend, appellant, had obtained the card. Baldwin told police that appellant had related to him an incident in which appellant had attempted to rob a woman. Appellant told Baldwin that when he tried to snatch the woman's purse, she "came at him," so appellant hit her with the gun and it accidentally went off. According to Baldwin, appellant did not know whether the bullet had struck the woman or not. Appellant stated only that the woman fell down and he ran off with her purse.

---

[2]  *See* TEX. PENAL CODE ANN. § 19.02(b)(3) (Vernon 2011).

Detective M. Waters brought appellant in for questioning. Detective Waters questioned appellant for approximately four hours, and appellant eventually admitted that he shot Reyna "like [he] told Kendrick" and gave additional details regarding the robbery and murder.

Appellant originally filed a general "Motion to Suppress Statements," arguing, among other things, that his statements to police were involuntary and coerced, that any statements were taken without the safeguards required by Code of Criminal Procedure article 38.22, and that admission of any statements would violate his Fourth, Fifth, Sixth, and Fourteenth Amendment rights. However, at a pretrial conference, appellant's counsel withdrew the motion to suppress. The State informed the trial court that the prosecutors and appellant's counsel had reached an agreement regarding various redactions to the recorded confession. Appellant's counsel affirmed that she agreed to the redactions of the statement, pending her final review once the State completed making the redacted video-recording. The trial court asked, "[S]o long as the DVD in its redacted form in the transcript is acceptable, are you then not intending to suppress the statement of your client?" Counsel responded, "I don't have a legitimate reason at this point . . . to request a hearing on the motion to suppress."

The redacted statement was offered, along with Detective Waters' testimony, and appellant made no objection. Rather, appellant relied on the

portions of his statement in which he told Detective Waters that the shooting was an accident to support his defense that he committed felony murder and not capital murder. The jury found appellant guilty of the lesser-included offense of felony murder. This appeal followed.

## Admission of the Statement

In his sole issue on appeal, appellant argues that Detective Waters' interrogation technique and the resulting recorded interrogation and confession were so prejudicial that they deprived him of his due process right to a fair trial. However, the State argues that appellant failed to preserve this complaint for consideration on appeal, and we agree.

To preserve a complaint for appellate review, Texas Rule of Appellate Procedure 33.1 requires that: (1) the complaining party made a timely and specific request, objection, or motion; and (2) the trial court either ruled on the request, objection, or motion or refused to rule and the complaining party objected to that refusal. TEX. R. APP. P. 33.1(a); *Geuder v. State*, 115 S.W.3d 11, 13 (Tex. Crim. App. 2003). If a party fails to properly object to errors at trial, even constitutional errors can be forfeited. *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012). We should not address the merits of forfeited errors on appeal. *Wilson v. State*, 311 S.W.3d 452, 473–74 (Tex. Crim. App. 2010).

Here, appellant expressly forfeited his motion to suppress his statement, agreed to admission of the redacted statement, and did not object when the statement and Detective Waters' testimony were admitted before the jury. Thus, appellant failed to preserve this issue for appellate review. *See* TEX. R. APP. P. 33.1(a); *Clark*, 365 S.W.3d at 339; *Geuder*, 115 S.W.3d at 13.

Appellant argues that the admission of the statement and Detective Waters' testimony constituted fundamental error that can be considered by this Court even without an objection raised in the trial court. *See Boler v. State*, 177 S.W.3d 366, 373 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd) ("An appellate court may, in rare cases, 'take notice of fundamental errors affecting substantial rights although they were not brought to the attention of the trial court.'") (quoting TEX. R. EVID. 103(d)). The Court of Criminal Appeals has held that the requirement of a timely and specific objection does not apply "to two relatively small categories of errors: violations of 'rights which are waivable only' and denials of 'absolute systemic requirements.'" *Saldano v. State*, 70 S.W.3d 873, 888 (Tex. Crim. App. 2002) (quoting *Marin v. State*, 851 S.W.2d 275, 280 (Tex. Crim. App. 1993)); *see also Mendez v. State*, 138 S.W.3d 334, 340–41 (Tex. Crim. App. 2004) (recognizing systemic requirements, waivable rights and forfeitable rights as "'three distinct kinds' of rules that our judicial system may be thought to contain" and holding that

Rule of Appellate Procedure 33.1 does not apply to systemic requirements or waivable-only rights).

Waivable-only rights, or "rights of litigants which must be implemented by the system unless expressly waived," include the right to assistance of counsel and the right to trial by jury. *Mendez*, 138 S.W.3d at 340; *Saldano*, 70 S.W.3d at 888. Absolute, systemic requirements, or "a law that a trial court has a duty to follow even if the parties wish otherwise," include jurisdiction of the person, jurisdiction of the subject matter, and a penal statute's compliance with the separation of powers section of the state constitution. *Mendez*, 138 S.W.3d at 340; *Saldano*, 70 S.W.3d at 888. All other rights are "forfeitable," i.e., they are "rights of litigants which are to be implemented upon request." *Mendez*, 138 S.W.3d at 340–41. These include "the myriad evidentiary and procedural rules compris[ed by] our system" that a defendant forfeits by failing to exercise. *Id.* (quoting *Marin*, 851 S.W.2d at 278).

The admission of an appellant's statement that was the result of an allegedly improper interrogation does not fall into either of the categories that would suspend the application of Rule 33.1, which requires a timely and specific objection, motion, or complaint. *See Mendez*, 138 S.W.3d at 340–41. Rather, the courts of this state have routinely held that complaints regarding the improper admission of evidence, such as an appellant's custodial statement, must be objected

6

to at trial to be preserved for consideration on appeal. *See, e.g.*, *Saldano*, 70 S.W.3d at 890 ("Because the appellant did not object to the admission of the testimony of which he now complains, the question he seeks to present has not been preserved for review on appeal."); *Martinez v. State*, 22 S.W.3d 504, 507 (Tex. Crim. App. 2000) ("To preserve error regarding the admission of evidence, a defendant must lodge a timely and specific objection . . . to give the trial court . . . the opportunity to correct the error."); *Mbugua v. State*, 312 S.W.3d 657, 666–67 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd) (holding that appellant did not preserve his complaint regarding admissibility of his custodial statement because complaint on appeal did not comport with grounds argued in motion to suppress).

We overrule appellant's sole issue on appeal.

## Conclusion

We affirm the judgment of the trial court.


Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Bland, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).

7