**Harry Robert GEUDER, Appellant,**

v.

**The STATE of Texas.**

No. 1005–02.

Court of Criminal Appeals of Texas.

Sept. 10, 2003.

Jay W. Burnett, Shawna L. Reagin, Houston, for appellant.

Donald W. Rogers, Jr., Asst. DA, Houston, Matthew Paul, State's Atty., Austin, for state.

## OPINION

COCHRAN, J., delivered the opinion of the Court in which MEYERS, PRICE, WOMACK, JOHNSON, KEASLER, and HOLCOMB, J.J., joined.

Appellant requested pretrial written notice of the State's intent to impeach any witness with evidence of conviction of a crime, but the State did not respond. The trial court nonetheless allowed the State to impeach appellant with his prior convictions for criminal mischief and unauthorized use of a motor vehicle. The issue in this case is whether appellant's objection, made out of the presence of the jury and immediately before he testified, preserves review of a claim challenging the admissibility of evidence.[1] It does.

### I.

In early November 1999, appellant, Harry Geuder, purchased vehicles from Mark John, Marvin Schwartz, and Horace Ashabranner. The evidence showed that, in each case, appellant wrote a bad check for payment and quickly left the scene as his associates drove the vehicles away. A month later, appellant tried to buy a truck from Patrick Williams. This scheme failed, however, because Mr. Williams pursued appellant and alerted the police who arrested appellant. Appellant was indicted for one aggregated theft of the four vehicles.

Before trial, appellant's attorney filed a request for written notice of the State's intent to use, under Texas Rule of Evidence 609, any prior criminal convictions to impeach the credibility of any testifying witness. After the State rested its case on guilt-innocence, appellant asked the trial court, outside the jury's presence, to prevent the State from impeaching his testimony with any prior convictions because the prosecution had failed to provide him with written notice under Rule 609(f).[2] The trial judge refused, saying "I don't . . . see how the defense could claim surprise of his own client's criminal history."

Appellant then testified and was impeached with his prior convictions on cross-examination. Defense counsel did not repeat his objections in front of the jury. The jury convicted appellant and, after finding two enhancement paragraphs to be true, sentenced him to eighty years in prison.

In his first point of error on appeal, appellant argued that the trial judge erred in permitting the State to impeach him with prior convictions because it failed to provide written notice of its intent to use appellant's prior convictions under Rule 609(f) after appellant had made a written request for such notice. The State acknowledged this failure, but argued that the trial court did not err because appellant was aware of his own convictions and he had a fair opportunity to contest their use. The State also argued that any violation of Rule 609(f) was harmless because of the overwhelming evidence of appellant's guilt.

The court of appeals, however, did not address the merits of appellant's first point

---

1. We granted review on the question whether "the court of appeals erred by mischaracterizing a request for notice as an *in limine* objection to admissibility, then imposing new requirements for preservation of error that barred review of appellant's impeachment in violation of TEX.R. EVID. 609(f)"?

2. TEX.R. EVID 609(f) provides:

Evidence of a conviction is not admissible if after timely written request by the adverse party specifying the witness or witnesses, the proponent fails to give to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

of error. Rather, the court held the issue forfeited: "Although he filed a motion *in limine* to prohibit such questioning, which the trial court denied, appellant failed to object when the prosecutor inquired into his prior convictions, and thus he has failed to preserve error, if any." [3] After considering the remaining points, the court of appeals affirmed appellant's conviction.[4] Before this Court, both appellant and the State agree that the impeachment issue was not waived or forfeited.[5] We agree with the parties.

## II.

Texas Rule of Appellate Procedure 33 governs the preservation of appellate complaints. To preserve error for appellate review under Rule 33.1(a), the record must show that: 1) the complaining party made a timely and specific request, objection, or motion; and 2) the trial judge either *ruled* on the request, objection, or motion (expressly or implicitly), or he refused to rule and the complaining party objected to that refusal.[6]

We recently discussed Rule 33.1 in *Martinez v. State.*[7] There, we noted that, to preserve error, an objection must be time-ly, specific, pursued to an adverse ruling, and, with two exceptions, contemporaneous—that is, made each time inadmissible evidence is offered:

> Under Texas law, if, on appeal, a defendant claims the trial judge erred in admitting evidence offered by the State, this error must have been preserved by a proper objection and a ruling on that objection. A proper objection is one that is specific and timely. Further, with two exceptions, the law in Texas requires a party to continue to object each time inadmissible evidence is offered. The two exceptions require counsel to either (1) obtain a running objection, or (2) request a hearing outside the presence of the jury.[8]

This second exception noted in *Martinez* is found in Texas Rule of Evidence 103(a)(1), which provides, in part, that "[w]hen the court hears objections to offered evidence out of the presence of the jury and rules that such evidence be admitted, such objections shall be deemed to apply to such evidence when it is admitted before the jury without the necessity of repeating those objections." In this case,

3. *Geuder v. State,* 76 S.W.3d 133, 136 (Tex. App.-Houston [14th Dist.] 2002).

4. *Id.* at 138.

5. The State commendably agrees that "appellant's claim of improper impeachment was adequately preserved for appellate review under rule 103(a)(1)" and asserts that the case should be remanded for the court of appeals to consider the merits of his claim.

6. TEX.R.APP. P. 33.1(a) provides:
   As a prerequisite to presenting a complaint for appellate review, the record must show that:
   (1) the complaint was made to the trial court by a timely request, objection, or motion that:
   (A) stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context; and
   (B) complied with the requirements of the Texas Rules of Civil or Criminal Evidence or the Texas Rules of Civil or Appellate Procedure; and
   (2) the trial court:
   (A) ruled on the request, objection, or motion, either expressly or implicitly; or
   (B) refused to rule on the request, objection, or motion, and the complaining party objected to the refusal.

7. 98 S.W.3d 189 (Tex.Crim.App.2003).

8. *Id.* at 193 (internal quotes and cites omitted).

there was just such an objection outside the presence of the jury. The hearing was short and to the point:

Court: Let's take the jury out for a moment.

(Jury left.)

Court: What is it we need to take up?

Defense: All right, Judge, I am advising to the Court that Mr. Geuder intends to testify and we are asking that the Court instruct the State not to allude or mention or ask him in any way about his prior felony convictions. Back on April 26th, we filed a request for notice, among other things, 6.09 [*sic;* 609]. I have never gotten any notice from the State in response to that request so we are asking that the State be limited by not asking about any prior convictions.

Court: What says the State?

State: Judge, I don't recall ever having any discussion with defense counsel on that issue. I know my file has been open to defense to view, including all his prior convictions.

Court: Do you remember receiving that motion?

State: Judge, I don't remember. I had one in here but I don't remember discussing it with defense.

Court: I don't .. : see how the defense could claim surprise of his own client's criminal history. It will be denied as long as prior convictions and not talking about the extraneous.

State: Correct.

Court: What else?

Defense: That's all.

Court: Bring the jury out.

(Open court, defendant and jury present.)

Court: Thank you. Please be seated. . . .

Defense: At this time the defense calls Harry Geuder.

The trial court's ruling was not an adverse ruling on a motion *in limine.*[9] Rather, it was an adverse ruling, outside the presence of the jury, on the admissibility of appellant's prior convictions for impeachment purposes in the face of a specific and timely objection based on Rule 609(f). Under Rule 103(a)(1), it was not necessary to repeat the objection to the convictions once they were used in front of the jury.

■ Although the court of appeals was correct in stating that appellant filed a written motion *in limine* concerning the use of any prior convictions, this motion was apparently never expressly ruled upon by the trial court. More importantly, this motion did not request that such evidence be excluded. As a true motion *in limine*, it merely requested that the State not be permitted to mention any evidence of prior convictions to the jury until a hearing had been held outside the presence of the jury to determine their admissibility. That is precisely the proper purpose of a motion *in limine.*[10] A trial judge's grant or denial

9. Appellant did file a motion *in limine* requesting, in part, "that the Court instruct the District Attorney not to mention, refer to, or attempt to elicit in any manner, any evidence of prior convictions of the Defendant or defense witnesses in the trial of this cause in the presence of the jury until a hearing has been held outside the presence of the jury to determine ... [w]hether the State has complied fully with Defendant's request(s) pursuant to Rule 609(f), Texas Rules of Criminal Evi-

dence." The existence of this pretrial motion was likely the source of confusion for the court of appeals because a preliminary ruling on a motion *in limine* does not preserve error in the admission or exclusion of evidence.

10. *See, e.g., Draughon v. State,* 831 S.W.2d 331, 333 n. 1 (Tex.Crim.App.1992) (noting that the defendant's motion was not a true motion *in limine* because "it does not constitute a request that the admissibility of evi-

of a motion *in limine* is a preliminary ruling only and normally preserves nothing for appellate review.[11]

In discussing the proper, practical purpose of a motion *in limine*, this Court stated in *Norman v. State:* [12]

> The purpose of a motion *in limine* is to prevent particular matters from coming before the jury. It is, in practice, a method of raising objection to an area of inquiry prior to the matter reaching the ears of the jury through a posed question, jury argument, or other means. As such, it is wider in scope than the sustaining of an objection made after the objectionable matter has been expressed. However, it is also, by its nature, subject to reconsideration by the court throughout the course of the trial. This is because it may not be enforced to exclude properly admissible evidence.[13]

On the other hand, appellant's request—made outside the presence of the jury, after the State had rested, and immediately before appellant testified—sought a definitive final ruling on a timely and specific motion to exclude evidence.[14]

Because appellant made a timely and sufficiently specific objection which complied with Rule 103(a)(1) and the trial court expressly ruled on that objection, appellant preserved his complaint concerning Rule 609(f). We therefore vacate the judgment and remand the case to the

---

dence or disposition of other matter by the court be determined outside the jury's presence.... Ordinarily, we do not consider a motion *in limine* sufficient to preserve for appellate review the exclusion of evidence, because there is no adverse ruling on the admissibility of such evidence until it is tendered and an objection interposed") (citations omitted). In *Draughon*, this Court held that, despite the mis-named "Motion in Limine" title of his document, the defendant sought a definitive and final ruling on his motion to prohibit the State from questioning capital murder veniremen about their attitudes toward the death penalty. *Id.* From the record, it also appeared that the trial judge understood that the defendant was seeking a definitive ruling and the trial judge made a definitive, adverse ruling. Thus, although the grant or denial of a true motion *in limine* does not preserve an issue for appellate review, the denial of Draughon's motion, regardless of its mislabeling, was an adverse final ruling which did preserve error for appellate review. *Id.*

11. *See, e.g., Gonzales v. State,* 685 S.W.2d 47, 50 (Tex.Crim.App.1985)(stating that "[f]or error to be preserved with regard to the subject matter of the motion *in limine* it is absolutely necessary that an objection be made at the time when the subject is raised during trial"); *Brazzell v. State,* 481 S.W.2d 130, 131 (Tex.Crim.App.1972) ("[g]enerally, a motion *in li-*

mine will not preserve error to the admission of inadmissible evidence. The violation of a motion *in limine* may entitle a party to relief, but any remedies available with regard to such a violation are with the trial court. If its order has been violated, the trial court may apply the sanctions of contempt or take other appropriate action. But for error to be preserved on appeal with regard to the admission of inadmissible evidence, objection thereto should be made at the time the evidence is offered"); *see also Luce v. United States,* 469 U.S. 38, 41–42, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984) (indicating that a ruling on a motion *in limine* is not a final ruling because a trial judge may not be aware of all the pertinent evidence; concluding that a defendant cannot rely upon a ruling on a motion *in limine* permitting impeachment with prior convictions if the defendant does not testify and object to that impeachment).

12. 523 S.W.2d 669 (Tex.Crim.App.1975).

13. *Id.* at 671.

14. *See Ethington v. State,* 819 S.W.2d 854, 858 (Tex.Crim.App.1991) (stating that "[w]hen the court, out of the jury's presence, hears and overrules objections to evidence, those objections need not again be made before the jury when the evidence actually is presented to the jury").

court of appeals for consideration of the merits of appellant's first point of error.

KELLER, P.J., and HERVEY, J., concurred.