NUMBER 13-02-310-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

JAMES PATRICK SHEEHY,                                                       Appellant,

v.

THE STATE OF TEXAS,                                                             Appellee.
                                                                                                                                       

On appeal from the 25th District Court of Gonzales County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Garza
Memorandum Opinion by Justice Yañez
 
          Appellant, James Sheehy, was convicted of two counts of aggravated assault of a
peace officer with a deadly weapon and was sentenced to thirty years in prison.


 By three
issues, he challenges his conviction. The record contains the trial court’s certification that
this case is not a plea-bargain case and the defendant has the right of appeal. See Tex.
R. App. P. 25.2(a)(2). We affirm. 
          As this is a memorandum opinion not designated for publication and the parties are
familiar with the facts, we will not recite them here except as necessary to advise the
parties of the Court’s decision and the basic reasons for it. See Tex. R. App. P. 47.4.
Expert Testimony
          In his first issue, appellant argues that the trial court abused its discretion by
excluding the testimony of his expert, David Lysek, that “contact marks” and the absence
of smudge marks on appellant’s vehicle showed the vehicle could not have struck Officer
Onofre. 
          We review a trial court’s admission or exclusion of evidence under an abuse of
discretion standard. Montgomery v. State, 810 S.W.2d 372, 379 (Tex. Crim. App. 1990). 
Therefore, a reviewing court should not reverse unless a clear abuse of discretion is
shown. Zuliani v. State, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003). An abuse of
discretion occurs when the trial court acts arbitrarily, unreasonably, or without reference
to guiding rules or principles. Montgomery, 810 S.W.2d at 380. 
          Under Texas Rule of Evidence 702, an expert may testify in the form of an opinion
or otherwise, if the witness is qualified as an expert by knowledge, skill, experience,
training, or education and if it assists the trier of fact in understanding evidence or to
determine a fact in issue. See Tex. R. Evid. 702. The trial court must determine whether
the proffered scientific testimony is relevant and reliable in helping the jury reach an
accurate result. See Kelley v. State, 824 S.W.2d 568, 572 (Tex. Crim. App. 1992). 
          The Texas Court of Criminal Appeals has held that rule of evidence 702 requires
that a three-part reliability test for the admission of scientific evidence must be satisfied:
(1) the underlying scientific theory must be valid; (2) the technique applying the theory must
be valid; and (3) the technique must have been properly applied on the occasion in
question. See id. at 573. 
          Here, appellant complains that the trial court erroneously excluded Lysek’s
testimony that the contact marks on appellant’s vehicle and the absence of smudge marks
established that the vehicle could not have struck Onofre. When questioned on the basis
of his opinion, Lysek responded that if there was dust on a car and someone touched it,
dust will be removed. The trial court determined that the underlying theory was unreliable
since it was impossible to tell precisely when any such contact marks or lack of smudge
marks were placed on appellant’s vehicle in relation to the accident itself. Because a trial
court’s decision regarding the admissibility of scientific evidence should not be disturbed
absent an abuse of discretion, we hold that the trial court did not abuse its discretion in
excluding the testimony. See Hinojosa v. State, 4 S.W.3d 240, 251 (Tex. Crim. App.
2000). We overrule appellant’s first issue. 
Extraneous Offenses
          By appellant’s second issue, he argues that the trial court abused its discretion by
admitting evidence of appellant’s prior extraneous offenses. Specifically, the State
presented testimony that appellant had stated he would not go back to prison and would
“run or do whatever it took” to get away from the authorities. Appellant objected to this
testimony at the pre-trial hearing, but failed to object at trial. An objection to evidence at
a motion-in-limine hearing does not preserve error. See Webb v. State, 760 S.W.2d 263,
275 (Tex. Crim. App. 1988). To preserve error for review, appellant must object to the
evidence when the State offers it at trial. See Tex. R. App. P. 33.1; see Geuder v. State,
115 S.W.3d 11, 15 (Tex. Crim. App. 2003). Appellant’s second issue is overruled.                                                      Exculpatory Evidence
          In his third issue on appeal, appellant argues that the State’s intentional destruction
of exculpatory evidence violated his right to due process. The record reflects that the
police released appellant’s vehicle–the alleged deadly weapon–to a tow truck company
only four days after the incident occurred without taking precautions to ensure the vehicle
was maintained in its post-accident condition. As a result, the tow truck company removed
some parts of the vehicle for sale to a third party, and thus, allegedly failed to preserve the
evidentiary value of appellant’s vehicle.
          The State has an affirmative duty to disclose evidence material to guilt or
punishment. See Brady v. Maryland, 373 U.S. 83, 87 (1963). To find reversible error
under Brady and its progeny, an appellant must show that: (1) the prosecution suppressed
evidence; (2) the evidence was favorable; and (3) the evidence was material either to guilt
or punishment. See id. Favorable evidence is any evidence that, if disclosed and used
effectively, may make the difference between conviction and acquittal. See Little v. State,
991 S.W.2d 864, 866 (Tex. Crim. App. 1999). Evidence is considered material if a
reasonable probability exists that, had the evidence been disclosed, the result of the
proceeding would have been different. See Ex Parte Krimes, 872 S.W.2d 700, 702-03
(Tex. Crim. App. 1993). Texas has adopted the federal standard in Brady and its progeny
for analyzing error in destruction-of-evidence cases. See Butler v. State, 736 S.W.2d 668,
670 (Tex. Crim. App. 1987). Accordingly, we apply those standards.
          Here, the record reflects that the State was negligent in turning appellant’s vehicle
over to West Motors; however, it does not establish that the State suppressed evidence. 
Appellant has also failed to show that the evidence was both favorable and material. The
record reflects that appellant’s own expert opined that the evidence “could” have been
favorable, which fails to conclusively establish favorability and ignores materiality.           Further, although appellant characterized his claim as a Brady claim, we conclude
it is more properly considered as a Trombetta


 claim, as the issue is the State’s failure to
preserve evidence rather than its destruction of evidence. See California v. Trombetta, 467
U.S. 479 (1984). In Trombetta, the United States Supreme Court held that the duty to
preserve evidence is limited to that evidence which has an apparent exculpatory value
before destruction. See Trombetta, 467 U.S. at 489. Here, the state of the vehicle may
have been crucial to appellant’s defense, which the State reasonably should have known
upon releasing the vehicle to West Motors. Although the State acted negligently in
releasing the vehicle, we conclude that the record does not support that the exculpatory
nature of the vehicle was apparent before its release. See id. 
          The Supreme Court has also held that an appellant must show that the State acted
in bad faith. See Arizona v. Youngblood, 488 U.S. 51, 58 (1998). The record reflects that
the State was uncooperative and negligent in failing to assist with the location of
appellant’s vehicle. Appellant’s attorney’s legal assistant called the police daily for
approximately two weeks and did not receive a direct response regarding location of the
vehicle. The legal assistant testified at trial that the police told her they did not know the
location of the vehicle and were too busy to assist in determining its location. Although the
evidence clearly supports that the State acted negligently, it is insufficient to establish that
the State acted in bad faith. See id. Without more evidence showing the State was aware
of the exculpatory nature of appellant’s vehicle before destruction and that it nonetheless
acted in bad faith, we conclude that the appellant was not denied due process. 
Accordingly, appellant’s third issue is overruled.
          The judgment of the trial court is affirmed.
 
 
                                                                                                                      
                                                               LINDA REYNA YAÑEZ
                                                                           Justice




Do not publish. Tex. R. App. P. 47.2(b).

Memorandum opinion delivered and filed this the
29th day of July, 2004.