02-12-105-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00105-CR

 

 









 
 
 Derrick
 T. Cavitt
  
  
  
 v.
  
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From the 396th District
 Court
  
 of
 Tarrant County (1194940D)
  
 December
 21, 2012
  
 Per
 Curiam
  
 (nfp)
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed. 

 

SECOND DISTRICT COURT OF APPEALS 








 

 

 

PER
CURIAM








 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO. 02-12-00105-CR

 

 


 
 
 Derrick T. Cavitt
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 396th
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

I.    
Introduction

In
two points, Appellant Derrick T. Cavitt appeals his conviction for aggravated
assault of a public servant.  We affirm.

II.   
Factual and Procedural Background

When
Fort Worth Police Officer Kaare Martin responded to a domestic disturbance call
around 3:50 a.m.,[2] he found Cavitt standing
in the driveway at the call’s location and asked him what was going on.  Cavitt
told him that he had not done anything but moved away as the uniformed officer
approached him.  A foot chase ensued, with Cavitt continuing to run despite the
officer’s orders to stop.

Cavitt
subsequently engaged in a struggle with Officer Martin and Officer Jimmy Hewett
Jr., who arrived as backup.  They ordered Cavitt to stop resisting four or five
times, but Cavitt would not comply.  At one point, Officer Hewett lost control
of his flashlight, and Cavitt grabbed it and swung it, striking Officer Martin
in the head.  Cavitt continued to struggle after the police sprayed him with
pepper spray.  Officer Christopher Britt arrived as backup and helped the two
other officers take Cavitt into custody.  Cavitt struggled and yelled as they
placed him in the police vehicle, and the police placed him in a “spit sock”
because he had been spitting and kicking inside the patrol car.

During
the defense’s case, Cavitt’s neighbor Katrina Davis testified that the
altercation occurred in her front yard and that she saw flashes of electric
light and assumed that Cavitt had been tased.  DeBoise, Cavitt’s grandmother, testified
that she had called 9-1-1 because Cavitt was a paranoid schizophrenic and was bipolar,
had run out of his medication, and needed to go to the hospital and that she
told the police that Cavitt needed to go to the hospital but they did not
respond to her.  During cross-examination, DeBoise said that she did not recall
saying that Cavitt had been at a drug house earlier that day but admitted that
she might have said that she was concerned that he had overdosed that day.

A
jury convicted Cavitt of aggravated assault against a public servant, and the
trial court entered judgment on this verdict and sentenced him to thirty years’
confinement.  This appeal followed.

III.  
Sufficiency of the Evidence

In
his first point, Cavitt asserts that the evidence is insufficient to convict
him of aggravated assault of a public servant because there was no evidence of
his intent to strike the officer.

The
State charged Cavitt with intentionally or knowingly causing bodily injury to
Officer Martin by striking him with the flashlight.  See Byrd v. State,
336 S.W.3d 242, 246 (Tex. Crim. App. 2011); see also Tex. Penal Code
Ann. §§ 22.01(a)(1), 22.02(a)(2), (b)(2)(B) (West 2011).  A person acts
intentionally, or with intent, with respect to the nature of his conduct or to
a result of his conduct when it is his conscious objective or desire to engage
in the conduct or cause the result.  Tex. Penal Code Ann. § 6.03(a) (West 2011). 
A person acts knowingly, or with knowledge, with respect to the nature of his
conduct or to circumstances surrounding his conduct when he is aware of the nature
of his conduct or that the circumstances exist, and he acts knowingly, or with
knowledge, with respect to a result of his conduct when he is aware that his
conduct is reasonably certain to cause the result.  Id. § 6.03(b).

In
our due-process review of the sufficiency of the evidence to support a
conviction, we view all of the evidence in the light most favorable to the
verdict to determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Wise v.
State, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012).  We must review
circumstantial evidence of intent with the same scrutiny as other elements of
an offense.  Laster v. State, 275 S.W.3d 512, 519–21 (Tex. Crim. App.
2009) (overruling Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim.
App. 2000)); see Kutzner v. State, 994 S.W.2d 180, 184 (Tex. Crim. App.
1999) (“Circumstantial evidence, by itself, may be enough to support the jury’s
verdict.”).

The
record reflects that during his struggle with Officer Martin, Cavitt grabbed
the flashlight, swung it in Officer Martin’s direction, and hit Officer Martin in
the face with it as he struggled to get away from the officers:  Officer Hewett
testified that he lost control of the flashlight when he entered the on-going
struggle between Cavitt and Officer Martin and that Cavitt, who was resisting
the officers’ commands, grabbed it and “started swinging it around.”  Officer Hewett
testified that Cavitt, who was laying on his back, swung the flashlight at
least twice; on the second swing, he struck Officer Martin with a hard blow. 
Officer Hewett said that it appeared to him that Cavitt swung the flashlight
toward him and Officer Martin.

Officer
Martin testified that he was hit with a very hard object and then felt a “sharp
pain in the right side of [his] face.  [He] immediately saw stars, and [he] felt
wet running down [his] face,” which turned out to be blood from the cut under
his eye.[3]  The flashlight in
question was a thirteen-inch-long metal Maglite with around a two-inch
diameter, containing a battery pack the equivalent of three D batteries.  According
to Officer Hewett, “If you hit someone in the right spot [with it], it could
easily kill them.”

Based
on this evidence, as well as evidence in the record of Cavitt’s resistance to
the police before and after they took him into custody, a rational trier of
fact could have found the essential elements of aggravated assault against a
public servant beyond a reasonable doubt, particularly with respect to Cavitt’s
intent and knowledge.  Therefore, we overrule Cavitt’s first point.

IV. 
 Speculation

In
his second point, Cavitt asserts that the trial court erred by overruling his
objection to speculation by Officer Hewett.  Specifically, he asserts that
Officer Hewett “speculated or presumed” that Cavitt intended to strike Officer
Martin with the flashlight.  The State responds that Cavitt waived this point
because his objection was untimely, referring to the following portion of the
record:

Q.      Was the Defendant just kind of flailing around
with it or did it look like he was deliberately trying to strike somebody?

A.      I would—seems to me that he was trying to strike
since he actually hit Officer Martin.

Q.      Was it moving in one direction then, basically?

A.      Yeah, it was—

[Cavitt’s counsel]:  Pardon me.  Calls
for speculation, Judge.

THE COURT:  Overruled.

The
timing of Cavitt’s objection appears to be to the question about the movement
of the flashlight, not to the question of Cavitt’s intent to strike the
officer.  If, in fact, the objection was to the movement of the flashlight, the
trial court properly overruled the objection to speculation because the
question calls for a factual observation of Officer Hewett—the direction of
movement of the flashlight—and does not call for any speculation on his part.

Further,
Cavitt did not object to the question concerning his intent in swinging the
flashlight, and nothing in the language used points out to the trial court that
the speculation objection was actually made to anything prior to the question
about the movement of the flashlight.  Rule of appellate procedure 33.1 requires
in part that, as a prerequisite to presenting a complaint for appellate review,
the record show that the complaint was made to the trial court by a timely objection that
states the grounds for the ruling sought with sufficient specificity to make
the trial court aware of the complaint, unless the specific grounds are
apparent from the context.  Tex. R. App. P. 33.1(a)(1).  On the record here,
the trial court properly ruled on the objection made to the question that
preceded it, and if the objection was to a prior question, Cavitt failed to preserve
it for our review.[4]  We overrule Cavitt’s
second point.

V.  
Conclusion

Having
overruled both of Cavitt’s points, we affirm the trial court’s judgment.

 

 

PER CURIAM

 

PANEL: 
MCCOY, J.; LIVINGSTON,
C.J.; and GABRIEL, J.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  December 21,
2012









[1]See Tex. R. App. P. 47.4.





[2]Cavitt’s grandmother,
Barbara DeBoise, had called 9-1-1 to report that Cavitt was out of control:  screaming,
slamming doors, and causing trouble.  DeBoise testified that when she called
the police, she told them that Cavitt “was acting funny” and that she “didn’t
know whether he was full of drugs or what, but he needed help.”  DeBoise
admitted during cross-examination that she did not tell the 9-1-1 operator that
Cavitt needed to go to the hospital or that Cavitt was a paranoid
schizophrenic.





[3]Officer Martin testified
that his injury was not caused by jumping through bushes while pursuing Cavitt.





[4]Likewise, Cavitt failed to
object when Officer Hewett subsequently testified that in his opinion, Cavitt
intentionally struck Officer Martin with the flashlight.  See Geuder v.
State, 115 S.W.3d 11, 13 (Tex. Crim. App. 2003) (noting that generally, to
preserve error, a party must continue to object each time the objectionable
evidence is offered).  A trial court’s erroneous admission of evidence will not
require reversal when other such evidence was received without objection,
either before or after the complained-of ruling.  Estrada v. State, 313
S.W.3d 274, 302 n.29 (Tex. Crim. App. 2010), cert. denied, 131 S. Ct.
905 (2011).