**AFFIRM; and Opinion Filed October 30, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01541-CR

**JERAMIE LEON HORTON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 1**
**Grayson County, Texas**
**Trial Court Cause No. 2011-1-0370**

## MEMORANDUM OPINION

Before Justices FitzGerald, Fillmore, and Stoddart
Opinion by Justice Fillmore

Appellant Jeramie Leon Horton appeals from the revocation of his community supervision. In a single issue, Horton contends the trial court erred by permitting testimony of a witness at the revocation hearing. We affirm the trial court's judgment.

### Background

Horton pleaded guilty to, and on June 13, 2011 was convicted of, the Class B misdemeanor offense of driving while intoxicated (DWI). He was sentenced to 180 days' confinement and a $500 fine; his sentence was suspended, and he was placed on community supervision for a period of eighteen months. *See* TEX. PENAL CODE ANN. § 12.22(2) (West 2011) (individual adjudged guilty of Class B misdemeanor shall be punished by fine not to exceed $2,000, confinement not to exceed 180 days, or both such fine and confinement). The State later moved to revoke Horton's community supervision, alleging Horton violated the

provision of his community supervision that he "shall commit no offense against the law of this State or any other State or the United States." In its petition for revocation, the State alleged that on or about December 7, 2012 in Fannin County, Texas, Horton committed the offense of purchase of alcohol for a minor.

At the revocation hearing, the August 21, 2013 judgment of Horton's conviction for the misdemeanor offense of "purchase furnish alcohol to a minor" in Case No. 46790, County Court at Law, Fannin County, Texas, was admitted in evidence. *See* TEX. ALCO. BEV. CODE ANN. § 106.06(a) (West Supp. 2013).[1] After Horton pleaded true to the allegation that he committed the offense of purchase of alcohol for a minor while he was on community supervision for the DWI offense, Tamberly Robinson was called as a witness on punishment by the State. Robinson testified that she was familiar with Case No. 46790 and with Thomas Calame, the minor for whom Horton purchased beer and vodka as alleged in the Information in that case. Thomas Calame was Robinson's son. Robinson testified that "[T]he minor that the alcohol was bought for on December the 7th, one of them was my son and he is dead now." Horton's attorney made the following objection that was overruled by the trial court:

> Judge, I'm going to object to any further testimony from this witness on the grounds that it is not admissible under [article] 37.07 [of the code of criminal procedure]. It is not admissible under Chapter 56 of the Code of Criminal Procedure. And it is going to be given, I suspect, a [sic] violation of the 8th Amendment to the Constitution of the United States under *Payne v. Tennessee*, 501 U.S. 808.

At the conclusion of the revocation hearing, the trial court found Horton violated the terms and conditions of his community supervision, revoked his community supervision, and sentenced him to 180 days' confinement.

---

[1] The judgment of conviction indicates the date of the offense was December 11, 2012; the State's petition for revocation asserts the offense occurred on or about December 7, 2012. According to the judgment, Horton pleaded guilty to the offense and was assessed punishment of ninety days' confinement in county jail, court costs, and restitution of $60 payable to the Texas Department of Public Safety Crime Lab. The Plea Agreement entered into evidence at the revocation hearing reflects Horton would plead "no contest" to the offense.

On appeal, Horton contends the trial court erred by "admitting and considering" Robinson's testimony relating to the death of Calame and its impact on her. Horton asserts that the testimony was evidence of an extraneous crime or bad act, and article 37.07(a)(1) of the code of criminal procedure requires proof beyond a reasonable doubt the accused committed the extraneous offense or bad act before such evidence may be admitted and considered as punishment evidence. According to Horton, there is no evidence showing Horton committed the "extraneous matters about which Mrs. Robinson testified beyond a reasonable doubt." Horton also argues that Robinson's testimony was not a "victim impact statement" within the meaning of articles 42.03 and 56.01(3) of the code of criminal procedure because Calame was not a victim of the DWI offense before the court at the revocation hearing.

To preserve a complaint for appellate review, a party must make a timely and specific request, objection, or motion with sufficient specificity to apprise the trial court of the complaint. TEX. R. APP. P. 33.1(a). An objection must be made each time the potentially inadmissible evidence is offered unless a party obtains a running objection or requests a hearing outside the presence of a jury. *See Haley v. State*, 173 S.W.3d 510, 516–17 (Tex. Crim. App. 2005); *Martinez v. State*, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003). Horton failed to preserve his complaint for appellate review because he did not obtain a running objection to or subsequently object to Robinson's testimony regarding Horton's purchase of alcohol for Calame, the events surrounding the purchase and consumption of that alcohol by her son, and Horton's criminal prosecution for that offense in Fannin County.[2] Following the objection to "any further

---

[2] On appeal, Horton asserts that according to *Geuder v. State*, 115 S.W.3d 11, 14 (Tex. Crim. App. 2003),"[a] trial court's adverse ruling on the admissibility of testimony is sufficient to preserve the matter for appellate review without the necessity of repeating the objection each time a question is thereafter asked about the objected-to testimony." However, *Geuder* addressed a trial court hearing outside the presence of the jury concerning an evidentiary objection and ruling that evidence be admitted. *Id.* In accordance with rule of evidence 103(a)(1), objections made outside the presence of the jury "shall be deemed to apply to such evidence when it is admitted before the jury without the necessity of repeating those objections." *Id.* (quoting rule of evidence 103(a)(1)). Horton's revocation hearing was not conducted before a jury. Horton cites no authority to support the statement in his reply brief that "[t]he requirement that a party must continue to object each time inadmissible evidence is offered does not apply in bench trials where the trial court initially overrules a timely objection to the evidence." *See Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998) (trial court's erroneous admission of evidence will not require reversal when other such evidence was received

–3–

testimony from this witness," Robinson testified without objection that Calame drank alcohol and "was foolish enough to get behind the wheel of a car and he killed himself" and the passenger in his vehicle. She identified Horton as the individual who provided Calame the alcohol he drank before driving his vehicle and what her life was like since the death of her son. She confirmed that her testimony in the revocation hearing was similar in substance to what she told the judge presiding in her victim impact statement in Case No. 46790 in Fannin County.

Horton also testified at the revocation hearing that he purchased alcohol for Calame believing Calame would drink so much of the alcohol that he would be intoxicated. However, Horton did not believe Calame would drive a vehicle while he was intoxicated. Although he acknowledged it is possible that an intoxicated individual may decide to drive a vehicle and as a result of that decision be involved in a vehicular accident, Horton accepted no responsibility for anything that took place after he purchased alcohol for Calame.

Because Horton failed to preserve the error he asserts on appeal, and in view of his own testimony concerning the circumstances leading to the death of Calame, we resolve his sole issue against him. *See* TEX. R. APP. P. 33.1(a). We affirm the trial court's judgment.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

.

Do Not Publish
TEX. R. APP. P. 47

131541F.U05

without objection, either before or after the complained-of ruling); *Bartee v. State*, Nos. 05-07-01437-CR & 05-07-01438-CR, 2008 WL 4743490, at * 3 (Tex. App.—Dallas Oct. 30, 2008, no pet.) (not designated for publication) (in bench trial, where evidence similar to complained-of evidence is admitted elsewhere at trial without objection, any error in admitting the complained-of evidence is waived).



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JERAMIE LEON HORTON, Appellant

No. 05-13-01541-CR　　V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 1, Grayson County, Texas, Trial Court Cause No. 2011-1-0370. Opinion delivered by Justice Fillmore, Justices FitzGerald and Stoddart participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 30th day of October, 2014.