

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-13-00614-CR

ERIC LIMON                                                          APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1330739D

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Eric Limon of burglary of a habitation and assessed his punishment at twenty-three years' confinement.

In one issue, Limon argues that the trial court erred by denying his motion for mistrial when the latent fingerprint examiner used hearsay from another latent fingerprint examiner to enhance her credibility. Specifically, Limon argues that

---

[1]See Tex. R. App. P. 47.4.

when the latent fingerprint examiner testified that someone else in the crime scene investigators' unit verified her analysis and conclusion that the prints found in the complainant's home were Limon's; that this bolstered her credibility; and that because the case turned on her credibility, denying the motion for mistrial was harmful error. The State responds that this complaint is not preserved because the same evidence was admitted later without objection.

Police lifted two latent fingerprints from one of the bedrooms of the burglarized home and mounted them on fingerprint cards. At trial, Anna-Dia Tricksey, a latent fingerprint examiner, explained to the jury what a latent print was and described what examiners look for when determining if two prints are a match. She further testified that she had compared Limon's fingerprints to those found on one of the fingerprint cards and that they matched.

The following exchange occurred during Tricksey's direct examination:

> [State]: As a matter, I guess, of procedure there with the Arlington Police Department, any time a latent print examiner such as yourself makes a comparison or an identification like what we see in State's Exhibit 18 and 19, is that reviewed by anybody else there with the latent print unit to verify your conclusions?
>
> [Witness]: Yes, sir.
>
> [State]: Can you kind of explain how that's all done, what the procedure is, and how you go about having someone verify?
>
> [Witness]: Yes. The procedure is called ACEV, which is analysis comparison and evaluation, which is what I did in this case. And the V is verification. In our unit, we do 100 percent verification, which means we verify not only the identifications or the matches, but also any exclusions, insufficient quality, and inconclusives—

2

inconclusive opinions. *In this case, CSI, or the crime scene, did the verification of this print.* [Emphasis added.]

> [Defense counsel]: Your honor, I'm going to object to that as hearsay.

> The Court: Sustained

> . . . .

> [Defense counsel]: I'm going to ask the jury as required by law to disregard that.

> The Court: Jury will disregard the hearsay statement.

> [Defense counsel]: And as required by law, I'll ask for a mistrial.

> The Court: That's denied.

> [State]: But basically, without getting into her opinions, the comparisons and the analysis that you did was looked at by Shannon Reeves[2] also?

> [Witness]: That's correct.

During Tricksey's cross-examination, defense counsel elicited the following testimony:

> [Defense counsel]: What would happen sometimes—what happens sometimes when two experts disagree with one another? Why would that take place in a situation like this?

> [Witness]: *In this case it didn't*, so I'm not sure. . . . [Emphasis added.]

---

[2]Reeves is another Arlington Police Department latent print examiner.

3

To preserve error, a party must continue to object each time the objectionable evidence is offered. *Geuder v. State*, 115 S.W.3d 11, 13 (Tex. Crim. App. 2003); *Martinez v. State*, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003) (citing *Ethington v. State*, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991)); *Clay v. State*, 361 S.W.3d 762, 766 (Tex. App.—Fort Worth 2012, no pet.).

As set out above, before Tricksey's testimony drew the hearsay objection sustained by the trial court, she testified, without objection, that another person verifies all conclusions regarding the comparison or identification of a print. Following Limon's sustained hearsay objection, Tricksey testified, without objection, that Reeves, another latent print examiner, had reviewed her work. And on cross-examination, defense counsel's question elicited a response from Tricksey that another expert had agreed with her findings. Because Limon did not object each time the State offered the objectionable evidence, he has not preserved this complaint for our review. *See* Tex. R. App. P. 33.1(a)(1); *Geuder*, 115 S.W.3d at 13. Therefore, we overrule Limon's sole issue and affirm the trial court's judgment.

/s/ Bob McCoy

BOB MCCOY
JUSTICE

PANEL:  WALKER, MCCOY and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  November 20, 2014

4