ACCEPTED
01-14-00430-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
1/5/2015 2:54:32 PM
CHRISTOPHER PRINI
CLERK

NO. 01-14-00430-CV

_____

OCTAVIO RIVERA, Appellant

V.

786 TRANSPORTATION, LLC and CARLOS CUCHILLA, Appellees

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

1/5/2015 2:54:32 PM

CHRISTOPHER A. PRINE
Clerk

On Appeal from the 113th District Court
Harris County, Texas
Trial Court Cause No. 2011-16425

**APPELLANT'S REPLY BRIEF (ORAL ARGUMENT REQUESTED)**

TO THE HONORABLE JUDGES OF THE FIRST COURT OF APPEALS:

COMES NOW OCTAVIO RIVERA, Appellant, and files this his *Appellant's Reply Brief.* Appellant will be referred to herein by name as "Rivera" or as "Plaintiff." Appellees will be referred to herein as "Cuchilla" or "Defendants."

**I.    THE COURT'S RULING ON THE ADMISSIBILITY OF THE OPINION AT ISSUE WAS NOT A *LIMINE* RULING**

While argument on the admissibility of the police report certainly occurred around the same time the trial court addressed the motions in limine, the court's ruling was not a limine ruling. The trial court initially abstained from ruling on the report's admissibility, instead granting what appeared to be a limine point on the report. (R.R. v1, 26:1-5). Plaintiff re-urged the issue of the admissibility of the evidence after empaneling the jury, and before opening statements, in order to avoid the prejudice to the jury that Plaintiff was sure would occur if the opinions of the

officer were admitted into evidence. (R.R. v1, 91:22 – 92:6). The court's ruling, "It's either all in, or it's all out," was therefore NOT a limine ruling—in other words, the trial court had moved past its initial decision to approach before discussing the report (a limine ruling) to a definitive ruling on the admissibility of the contents of the report. (R.R. v1, 92:4-5).

Once the court allows the admission of evidence that was timely objected to, there is no requirement that the party opposing the evidence continue to object every time it is offered. Tex. R. Evid. 103(a)(1); *Geuder v. State*, 115 S.W.3d 11 (Tex. Crim. App. 2003).

## II. SINCE OFFICER ROGERS HAD NO EVIDENCE TO OFFER OTHER THAN THAT CONTAINED IN HIS REPORT, CALLING HIM LIVE TO EXPLAIN THE REPORT DID NOT WAIVE PLAINTIFF'S OBJECTION TO ITS ADMISSION.

Cuchilla contends that Rivera has waived his objection to the evidence in the police report, because Rivera offered both the report and Rogers' testimony into evidence. The reasoning behind the offer of both the police report and Rogers' testimony was explained in Appellant's Brief on the Merits—i.e. the trial court's ruling gave Plaintiff a Hobsons' choice regarding whether to offer the report for the credibility evidence Plaintiff needed for its case in chief, or do without it.[1]

---

[1] Statements used for the purposes of impeachment are not evidence. The Court's ruling **may** not have impeded Plaintiff's ability to impeach Cuchilla with a prior inconsistent statement, but the ruling did foreclose the submission of that statement to the jury during deliberations, unless the officer's conclusions were also allowed.

It is worth noting in this reply that Officer Rogers did not remember the accident and could not speak to the investigation performed or conclusions drawn *EXCEPT* as to what was already memorialized in his report. (R.R. v1, 168:7-9, 19-23, 171:23-172:3). No new, supplementary, or contradictory evidence was offered by Officer Rogers; therefore, Plaintiff did not waive his objection to the conclusions contained in the report by not continuing to object to the *EXACT* same evidence the Court had already ruled upon.

## III. THE JURY'S ZERO DAMAGES FINDING IS FURTHER PROOF THAT THE COURT'S ERROR WAS HARMFUL.

Though Cuchilla attempts to mitigate the effect a uniformed officer's testimony has on a jury in his brief, the fact that the jury entered a zero damages award for EACH and EVERY element of damages is in fact further proof that the prejudice caused by the trial court's ruling affected every part of the trial after the evidence's admission. Whatever leaps of logic Defendant wishes to make regarding Rivera's lack of a driver's license leading to a jury disbelieving his medical treatment, there was no argument that the emergency care Mr. Rivera received, at least (and which was admitted into evidence without objection) was not directly caused by the accident—Rivera was taken from the scene of the crash by ambulance.

The fact that the jury did not award EVEN the ER bills shows that they did not consider damages separately from liability. It is as if the zero damages award was simply to underscore the jury's liability determination. This is the reason

Plaintiff has asked for remand for a new trial on the proceedings. The jury could not get past the officer's opinions; therefore the trial court's ruling was harmful error.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant Octavio Rivera prays that the Court reverse the judgment of the trial court and remand the case for a new trial excluding the opinion evidence, both written and testimonial, of Officer Vince Rogers, and for all other relief, whether in law or in equity, to which he may show himself justly entitled.

Respectfully Submitted,

**THE DUNK LAW FIRM, PLLC**

_____
Brenna L. Sanchez
State Bar No. 24068039
4505 Caroline Street
Houston, Texas 77004
(713) 223-1435
(713) 223-1438 (fax)
brenna@dunklawyers.com

## CERTIFICATE OF COMPLIANCE

I hereby certify that this document contains 804 words, exclusive of these certificates.

_____
Brenna L. Sanchez, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of January, 2015, the foregoing was served upon the persons identified below in accordance with Texas Rules of Appellate Procedure 9.5.

**VIA E-SERVICE**
Jack McKinley
Robert L. Ramey
RAMEY, CHANDLER, QUINN, & ZITO, PC
750 Bering Drive, Ste. 600
Houston, Texas 77057

_____
Brenna L. Sanchez, Esq.