

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-16-00161-CR
_____

SUSAN LEA CRUM, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the Criminal District Court No. 3
Tarrant County, Texas
Trial Court No. 1392089D, Honorable Rob Catalano, Presiding

September 14, 2016

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Susan Lea Crum appeals from a judgment convicting her of "driving while intoxicated and felony repetition." Her sole point of error encompasses the trial court's admission into evidence of expert testimony regarding her blood alcohol content derived through retrograde extrapolation. The testimony allegedly was inadmissible because the expert did not factor into his opinion and analysis characteristics personal to her and her conduct. We overrule the issue.

Because this appeal was transferred to this court from the Second Court of Appeals, we are obligated to abide by the precedent of the latter court, TEX. R. APP. P.

41.3, and the Texas Court of Criminal Appeals. According to both of those courts, one preserves his complaint about the admission of evidence by 1) objecting each time the evidence is broached by his opponent, 2) requesting and receiving a running objection, or 3) requesting the court to hear and rule upon his objection outside the presence of the jury. *Geuder v.* State, 115 S.W.3d 11, 13-14 (Tex. Crim. App. 2003), *quoting, Martinez v. State,* 98 S.W.3d 189 (Tex. Crim. App. 2003); *Garnder v. State*, No. 02-09-00360-CR, 2010 Tex. App. LEXIS 8991, at *8-11 (Tex. App.—Fort Worth November 4, 2010, no pet.); *accord, McNatt v. State*, No. 02-10-00043-CR, 2011 Tex. App. LEXIS 8037, at *7 (Tex. App.—Fort Worth October 6, 2011, no pet.) (holding that "[a]s to the two other extraneous offenses or acts, Appellant preserved his complaints for appellate review because he obtained an adverse ruling outside the presence of the jury in one instance and objected when the matter was raised in front of the jury in the other instance.").

Appellant objected to the evidence about retrograde extrapolation when presented by the State. The trial court overruled the objection, and the State continued to ask its expert about the theory and its application to the case at hand. Appellant's objection was not made outside the jury's presence. Nor did she request a running objection to the evidence. Given these circumstances, we cannot but hold that she failed to preserve for review the complaint urged at bar.

The issue is overruled, and we affirm the judgment of the trial court.


Brian Quinn
Chief Justice


Do not publish.


2