

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00798-CV

**IN RE COMMITMENT OF** Rodolfo **CASTILLO**

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2022CI05405
Honorable Jennifer Peña, Judge Presiding

Opinion by:      Beth Watkins, Justice

Sitting:          Rebeca C. Martinez, Chief Justice
                  Luz Elena D. Chapa, Justice
                  Beth Watkins, Justice

Delivered and Filed: July 26, 2023

AFFIRMED

Rodolfo Castillo appeals the trial court's orders adjudging him a sexually violent predator and civilly committing him under Chapter 841 of the Texas Health and Safety Code. We affirm the trial court's judgment and commitment order.

### BACKGROUND

In 2022, before Castillo completed his second prison sentence for a sexual offense, the State filed a petition alleging he was a sexually violent predator and requesting that he be civilly committed for treatment and supervision. Before the civil commitment trial, Castillo filed a motion in limine seeking to exclude evidence of unadjudicated offenses, arguing admission of evidence about these allegations would be unfairly prejudicial. The State responded that consideration of unadjudicated offenses "is part of the standard methodology of the forensic psychologist." The

court permitted the State's expert, Dr. Thorne, to testify about the unadjudicated offenses he relied on in diagnosing Castillo.

At trial, Dr. Thorne opined that Castillo suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. The jury found Castillo to be a sexually violent predator and the trial court ordered him civilly committed. In his sole issue on appeal, Castillo argues the trial court reversibly erred in admitting the unadjudicated offense evidence.

## ANALYSIS

### *Standard of Review*

We review a trial court's decision admitting or excluding evidence in a civil commitment proceeding for an abuse of discretion. *In re Commitment of Mares*, 521 S.W.3d 64, 69 (Tex. App.—San Antonio 2017, pet. denied). "A trial court abuses its discretion when it acts without regard for any guiding rules or principles." *Id*.

### *Applicable Law*

The trial court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice. TEX. R. EVID. 403. An expert witness may provide opinion testimony and may base that opinion on otherwise inadmissible evidence if experts in the particular field would reasonably rely on those kinds of facts or data. TEX. R. EVID. 702, 703. Under Rule 705(d), "[i]f the underlying facts or data would otherwise be inadmissible, the proponent of the opinion may not disclose them to the jury if their probative value in helping the jury evaluate the opinion is outweighed by their prejudicial effect." TEX. R. EVID. 705(d). "If the court allows the proponent to disclose those facts or data, the court must, upon timely request, restrict the evidence to its proper scope and instruct the jury accordingly." *Id*.

## *Application*

### *Preservation*

On appeal, the State contends Castillo's argument about the trial court's admission of the unadjudicated offenses is not properly preserved. We will not reach a question of whether evidence was erroneously admitted unless the complaint has first been preserved for review. *McInnes v. Yamaha Motor Corp., U.S.A.*, 673 S.W.2d 185, 187 (Tex. 1984). To preserve error for review, the complaining party must make a timely and specific objection every time the purportedly inadmissible evidence is offered and must obtain an adverse ruling. TEX. R. APP. P. 33.1(a); *see also In re M.G.N.*, 491 S.W.3d 386, 400–01 (Tex. App.—San Antonio 2016, pet. denied). "The general rule is error in the admission of testimony is deemed harmless and is waived if the objecting party subsequently permits the same or similar evidence to be introduced without objection." *Volkswagen of Am., Inc. v. Ramirez*, 159 S.W.3d 897, 907 (Tex. 2004). Under Texas law, there are two exceptions to the general rule—an objecting party may: (1) obtain a running objection; or (2) request a hearing outside the presence of the jury. *Martinez v. State*, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003). A ruling on a motion in limine does not preserve error for review because it is a preliminary ruling on admissibility. *Geuder v. State*, 115 S.W.3d 11, 14–15 (Tex. Crim. App. 2003); *In re M.G.N.*, 491 S.W.3d at 400–01.

Outside the presence of the jury, the trial court heard Castillo's motion in limine, which sought to exclude evidence of unadjudicated offenses. Castillo argued, inter alia, that the probative value of the unadjudicated offense evidence is substantially outweighed by its prejudicial effect. The State countered, "it's part of our expert's methodology to consider records of this nature. I think he'll testify that that's part of the standard methodology of a forensic psychologist." The trial court ultimately concluded, "I'm going to go ahead and allow the Doctor to testify in regards to what he's used for his diagnosis."

In front of the jury, Dr. Thorne testified he had formed an opinion on whether Castillo suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. The State then asked whether Dr. Thorne had relied on records regarding Castillo's "sexual offending history," and Castillo objected on hearsay grounds only. When the State followed up by asking whether Dr. Thorne had relied on records of "charges that did not result in a conviction"—the unadjudicated offenses Castillo complains of on appeal—Castillo did not object. The State relies on this failure to complain that Castillo's argument on appeal is not properly preserved. But at this point in the trial, the State did not offer any evidence of the specific unadjudicated offenses.

In contrast, when the State later asked Dr. Thorne about specific unadjudicated offenses, Castillo objected on Rule 403 grounds and the trial court overruled that objection. In light of the lengthy pre-trial discussion of Castillo's Rule 403 objection to admission of the unadjudicated offense allegations, we cannot say that the trial court was unaware of Castillo's objection. *See* TEX. R. APP. P. 33.1(a)(1)(A). In these unique circumstances, we conclude that Castillo's argument is properly preserved.

*Merits*

In his sole appellate issue, Castillo argues Dr. Thorne's testimony about the unadjudicated offenses repeated only allegations, allegations are not evidence, and admission of these allegations as evidence was unfairly prejudicial. However, it is well established that in sexually violent predator trials, a court may admit evidence of unadjudicated offenses under Rule 705(d) if it helps the jury weigh the expert's opinion on whether the person has a behavioral abnormality—the ultimate issue the jury must determine. *See, e.g.*, *In re Commitment of Johnson*, 613 S.W.3d 613, 619 (Tex. App.—San Antonio 2020, pet. denied).

During his testimony, Dr. Thorne explained that the details of Castillo's unadjudicated offenses contributed to the formation of his opinion. While Castillo contends these details were unnecessary for Dr. Thorne to reach a diagnosis, we conclude his testimony about those details could have assisted the jury in weighing his ultimate opinion that Castillo suffers from a behavioral abnormality. *See In re Commitment of Day*, 342 S.W.3d 193, 199 (Tex. App.—Beaumont 2011, pet. denied) (holding "the trial court acted within its discretion in allowing the experts to discuss the details of the [unadjudicated] offenses and other bad acts committed by Day that are contained in the records they reviewed"); *see also* TEX. R. EVID. 705(d) ("If the underlying facts or data would otherwise be inadmissible, the proponent of the opinion may not disclose them to the jury if their probative value in helping the jury evaluate the opinion is outweighed by their prejudicial effect."). The trial court instructed the jury that it could not consider the underlying facts or data of Dr. Thorne's opinion for their truth but only as the basis of his opinion.[1] We must presume the jury followed the trial court's instruction, limiting the prejudicial effect of the other inadmissible evidence. *See In re Commitment of Johnson*, 613 S.W.3d at 619. We therefore overrule Castillo's sole issue on appeal.

## CONCLUSION

We affirm the trial court's orders adjudging Castillo to be a sexually violent predator and civilly committing him.

Beth Watkins, Justice

---

[1] After explaining that hearsay is generally not admissible as evidence, the trial court's instruction provided: "However in this case, certain hearsay information contained in records was reviewed and relied upon by experts and will be presented to you through that expert's testimony. Such hearsay evidence is being presented to you only for the purposes of showing the basis of the expert's opinion and cannot be considered as evidence to prove the truth of the matter asserted. You may not consider this hearsay information for any other purpose, including whether the facts alleged in the records are true."