

**IN THE**
**TENTH COURT OF APPEALS**

_____

**No. 10-23-00045-CV**

**IN THE MATTER OF K.H.R., A JUVENILE**

_____

**From the 272nd District Court**
**Brazos County, Texas**
**Trial Court No. 211-J-22**

---

**MEMORANDUM  OPINION**

---

K.H.R. appeals from a judgment modifying his juvenile probation and committing him to the Texas Juvenile Justice Division for an indeterminate sentence not to exceed his 19th birthday.  *See* TEX. FAM. CODE §54.05.  K.H.R. complains that the trial court erred by admitting an exhibit relating to his unsuccessful discharge from a placement after being placed on probation because the exhibit was improperly authenticated, contained hearsay, and violated his right to confrontation and that the error was further compounded by the testimony of a witness as to the exhibit's contents.  Because we find no reversible error, we affirm the judgment of the trial court.

On August 24, 2022, K.H.R. was found to have engaged in delinquent conduct and

was placed at a facility in Hays County. On September 7, 2022, K.H.R. was unsuccessfully discharged from the facility. The State filed a petition to modify the terms of his supervision alleging that he had failed to attend individual counseling on specific dates, failed to attend group counseling on specific dates, and failed to attend school on specific dates. K.H.R. pled not true to the allegations.

At the modification hearing, the State offered the discharge summary from the Hays County facility into evidence with the Brazos County probation officer as the sponsoring witness. K.H.R. objected to the summary on the basis of improper authentication, hearsay, and the violation of his right to confrontation. The trial court overruled the objection and admitted the document. The following exchange took place when the State began to question the witness about the specific violations after the document was admitted into evidence:

STATE: Now, [Witness], do you have a discharge summary in front of you?

WITNESS: Yes, ma'am, I do.

STATE: If we were to look through that discharge summary, they actually, at Hays County, developed a target treatment plan for [K.H.R.], correct?

WITNESS: That is correct.

STATE: And what was their targets [sic]?

WITNESS: To work on behavior modification, improve decision-making skills, improving anger management, also to develop prosocial skills, then succeed in educational goals.

STATE:      Were they able to do any of that?

WITNESS:    No, ma'am.

STATE:      Why is that?

WITNESS:    Because as of the second day of [K.H.R.] being at the placement facility, he refused to come out of his cell, therefore, refusing to program.

STATE:      What does that mean when they say he's refusing to program?

WITNESS:    When he is refusing to program, he is basically not participating in any educational—anything that has to do with education, any individual counseling, even group sessions. I do believe that he was also refusing to visit with his caseworker and counselor.

STATE:      And is it noted as part of his discharge summary that on occasion he may have been disrespectful to counselors who were seeking to provide treatment to him?

WITNESS:    Yes, ma'am.

STATE:      And is it noted certain dates in which he was refusing both counseling, schooling, treatment?

WITNESS:    Yes, ma'am.

STATE:      Okay. And if we're going to track those dates, I'm going to ask you to look over to page 2. And did they specify that there were specific individual counseling sessions that he failed to participate in?

WITNESS:    Yes, ma'am.

STATE:      What were the dates of those?

WITNESS:    For individual counseling we have August 25th of 2022,

August 26, August 31st, September 6.  Group counseling of '22, we have August 25th, August 26—

THE COURT: Hold on.  You have to slow down.  She's typing everything we're saying too, everything everyone says.  So you were in group counseling.

WITNESS:      Yes, sir.  August 25th, August 26th, August 29th, August 30th, August 31st, September 1st, September 2nd, September 6.

STATE:      And was schooling also a part of what [K.H.R.] was supposed to participate in?

WITNESS:    Yes.

COUNSEL FOR K.H.R.: And, Judge, I apologize, but I just want to make it very clear that I am objecting to each and every question that calls for hearsay.  I don't think it's admissible in this phase.  I think it is admissible in the disposition phase in this hearing.  But I am objecting to each and every question that calls for and is answered by hearsay.

THE COURT: Okay.

COUNSEL FOR K.H.R.:  I don't know if you would be willing to grant me a running objection, if you wish to overrule my objection, or if I need to object to every question.

THE COURT: Yeah, I'll grant a running objection to any—you are saying based on this discharge summary?

COUNSEL FOR K.H.R.: Anything that I believe within in this phase of this hearing is hearsay, and I believe that [Witness] testifying as to that document's contents—I believe that's hearsay.  So I'm just going to object to all of it.

THE COURT: Okay. I'll grant your running objection.

In his sole issue, K.H.R. argues that the trial court erred by admitting the exhibit

because it was not properly authenticated, contained hearsay, and violated his U.S. Constitutional right to confrontation and that allowing the witness to testify about the contents of the exhibit "compounded" the error. These complaints are the same that were made during the modification hearing at the time that the trial court admitted the exhibit. K.H.R. did not request a running objection to the testimony based on the exhibit at the time it was admitted.

In order to preserve error, a party generally must continue to object each time the objectionable evidence is offered. *See In re Y.R.S.*, No. 10-19-00065-CV, 2019 WL 4072040, 2019 Tex. App. LEXIS 7854 at *4 (Tex. App.—Waco Aug. 28, 2019, no pet.) (mem. op.) (*citing Geuder v. State*, 115 S.W.3d 11, 13 (Tex. Crim. App. 2003)). Additionally, even if we assume without deciding that the admission of the document was erroneous, K.H.R. was not harmed by the admission of this evidence. This is because the testimony as to the same allegations contained in the exhibit as to the failure to attend individual and group counseling sessions over a period of days was admitted after the exhibit was admitted but prior to K.H.R.'s second hearsay objection and request for a running objection to the testimony. The request for the running objection was not timely as to the witness's testimony regarding K.H.R.'s failure to attend individual and group counseling on the specified dates. A trial court's erroneous admission of evidence will not require reversal when, as in this case, other such evidence was received without objection, either before or after the complained-of ruling. *See In re Y.R.S.*, 2019 Tex. App. LEXIS 7854 at *6 (*citing*

*Estrada v. State*, 313 S.W.3d 274, 302 n.29 (Tex. Crim. App. 2010); *Lane v State*, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004).

Also, after the objection to the admission of the exhibit, K.H.R. did not object again to any part of the subsequent testimony on the basis of improper authentication or confrontation after the document was admitted into evidence and therefore, the complaint to the testimony on those grounds was not preserved by the running objection even if it had been timely. *See* TEX. R. APP. P. 33.1(a). We overrule K.H.R.'s sole issue.

**CONCLUSION**

Having found no reversible error, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Smith
Affirmed
Opinion delivered and filed April 25, 2024
[CV06]

