

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| THOMAS MILTON BUCHANAN, JR., a/k/a MILTON BUCHANAN, | § | No. 08-16-00071-CR |
| Appellant, | § | Appeal from the |
| v. | § | 450th District Court |
| THE STATE OF TEXAS, | § | of Travis County, Texas |
| Appellee. | § | (TC# D-1-DC-14-300685) |
| | § | |

# **O P I N I O N**

Appellant Thomas Milton Buchanan, Jr. appeals his conviction of unlawful possession of a firearm by a felon.[1]  *See* TEX.PENAL CODE ANN. § 46.04(a)(1) (West 2011).  In a single issue, Buchanan complains about the admission of evidence during the guilt phase of his trial.  Finding that Buchanan failed to preserve error, we affirm the trial court's judgment of conviction.

## **I.  BACKGROUND**

Because Buchanan does not challenge the sufficiency of the evidence, we discuss only those facts relevant to the resolution of the evidentiary issue advanced on appeal.  Buchanan was living with his seventy-one-year-old mother, Susie Maloney, a retired engineer and nuclear

---

[1] Pursuant to its docket equalization authority, the Supreme Court of Texas transferred this appeal from our sister court in Austin; we decide this case in accordance with the precedent of that court.  *See* TEX.GOV'T CODE ANN. § 73.001 (West 2013) (authorizing transfer of cases); TEX.R.APP.P. 41.3 (precedent in transferred cases).

physicist who worked as a part-time math and science tutor. On the evening of April 4, 2014, Maloney returned home from tutoring and found Buchanan watching television in their den with a friend, and he was smoking a cigarette. Not wanting any smoking in her home, Maloney asked him to put out his cigarette. Although Buchanan complied, he responded belligerently, and she noticed his speech was slurred.

Detecting that Buchanan might be drunk, Maloney decided to forego her plan to eat a bedtime snack, and instead grabbed the handheld portable house phone, her purse and cell phone, and went into her bedroom locking the door behind her. Buchanan began hollering at her through her bedroom door, eventually used a tool to unlock the door, and entered while talking incoherently and nonsensically, making threats against her. Maloney asked Buchanan to leave but he continued to advance towards her. Fearing for her life, Maloney called 911 and during the beginning of the call she reported that he did not have a weapon. While Maloney continued talking with the operator, Buchanan left her bedroom but soon returned holding a 12-gauge shotgun. He then grabbed her, dragged her out of her bedroom, and threw her onto the floor of the hallway. He ground her head into the floor with his knee causing bruising on both sides of her head and temporarily dislocating her jaw. She was in a state of panic and shock. Buchanan then pointed the gun at Maloney as he held her to the ground. Once he removed his knee from her head, she struggled to stand and Buchanan shoved her against the furniture. He pointed the gun at her again and threatened to kill her. She asked Buchanan if she could return to her bedroom to listen to the radio, and he allowed her to go. She went to the bathroom adjoining her bedroom and locked the door. Once inside, she crawled out the bathroom window and escaped to her neighbor's house to contact the police. Later, Maloney described Buchanan's friend as a homeless person who passively remained in the den throughout the incident. The 911 call Maloney made from her home

2

remained connected and recorded the incident.

Buchanan was charged by indictment with unlawful possession of a firearm by a felon and, in a separate indictment, aggravated assault with a deadly weapon. TEX.PENAL CODE ANN. §§ 46.04(a) (West 2011); 22.02 (West 2011).[2] Both indictments included an enhancement paragraph for a previous conviction of driving while intoxicated. The aggravated assault indictment also included an enhancement paragraph for a previous conviction of assault family violence.

On September 22, 2014, by agreed judgment, the court found Buchanan mentally incompetent to stand trial and he was committed to a Mental Health Facility for the purpose of restoring competency. Over six months later, the parties waived any objections to a competency report filed by Rusk State Hospital, and the court found Buchanan competent to stand trial. During his trial, forensic psychologist Terri Arnold testified to statements Buchanan made about the incident involving his mother, and these statements were noted in treatment records kept at the state hospital. Dr. Arnold read from these records quoting Buchanan as stating to her that his mother had disrespected him and she took away his pellet gun, thus, he threatened her with a shotgun. Following a jury trial, Buchanan was convicted of aggravated assault and unlawful possession of a firearm by a felon as alleged in the indictments filed against him. On the unlawful possession of a firearm, he was sentenced to serve a sentence of twenty years' confinement in the Institutional Division of the Texas Department of Criminal Justice, with this sentence running concurrent with a fifty-year sentence on the aggravated assault charge

---

[2] This appeal involves the unlawful possession of a firearm by a felon conviction, No. 08-16-00071-CR (cause number D-1-DC-14-300685), and it is a companion case to No. 08-16-00072-CR (cause number D-1-DC-14-201975), involving the aggravated assault with a deadly weapon conviction. Buchanan was tried and convicted on both charges but he filed separate appeals.

## II. DISCUSSION

In his single issue on appeal, Buchanan claims that the trial court erred when it allowed the psychologist to testify to statements he made during his treatment at the state hospital. Buchanan based his argument on two grounds: first, he asserts "[t]he introduction of this evidence constitutes a violation of Due Process guaranteed by the Fifth and Fourteen[th] Amendments of the U.S. Constitution[;]" and second, he asserts "[t]hese statements were also 'confidential' as defined in Rule 509(b) of the Texas Rules of Evidence." In response, the State asserts that Buchanan forfeited his right to raise this issue on appeal by failing to timely object during his trial.[3] Finding no objection made during the trial, we agree.

A general prerequisite to presenting a complaint on appeal is that the record must show that a party presented to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired, and pursued an adverse ruling. *See* TEX.R.APP.P. 33.1(a); *Priester v. State*, 478 S.W.3d 826, 840 (Tex.App.--El Paso 2015, no pet.). An objection "let[s] the trial judge know what he wants, why he thinks himself entitled to it, and to do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it." *Ford v. State,* 305 S.W.3d 530, 533 (Tex.Crim.App. 2009) (quoting *Lankston v. State,* 827 S.W.2d 907, 909 (Tex.Crim.App. 1992)). "The purpose of requiring a specific objection in the trial court is twofold: (1) to inform the trial judge of the basis of the objection and give him the opportunity to rule on it; (2) to give opposing counsel the opportunity to respond to the complaint." *Resendez v. State*, 306 S.W.3d 308, 312 (Tex.Crim.App. 2009).

Buchanan points to his motion in limine, which the trial court granted, to assert that his

---

[3] Additionally, the State argues that, if preserved, the trial court did not commit error and that error, if any, was harmless.

4

complaint on appeal was preserved.[4]  We cannot agree.  It is well established that a trial court's granting of a motion in limine is a preliminary ruling only, and "normally preserves nothing for appellate review."  *Geuder v. State*, 115 S.W.3d 11, 14-15 (Tex.Crim.App. 2003); *Coutta v. State*, 385 S.W.3d 641, 664 (Tex.App.--El Paso 2012, no pet.) ("A motion in limine is a preliminary matter which does not preserve any complaints for appellate review and, to preserve such complaint, a party must object at the time the complained-of evidence is offered at trial.").

Turning to the "confidential" argument Buchanan presents on appeal, the hearsay exception under Rule 803(4) applies to any statement that: "(A) is made for—and is reasonably pertinent to—medical diagnosis or treatment; and (B) describes medical history; past or present symptoms or sensations; their inception; or their general cause." TEX.R.EVID. 803(4).  To establish this exception, the proponent of the evidence must establish the veracity and pertinence components of the rule.  The proponent must show that (1) the out-of-court declarant was aware that the statements were made for purposes of medical diagnosis or treatment, and that proper diagnosis or treatment depended upon the veracity of the statements, and (2) the statements are pertinent to diagnosis or treatment: that is, it was reasonable for the care provider to rely on the statements in diagnosing or treating the declarant.  *Taylor v. State*, 268 S.W.3d 571, 590-91 (Tex.Crim.App. 2008).  Buchanan's failure to state, or even allude to, either component of the exception under Rule 803(4) deprived the trial court and the State of the opportunity to address or correct the purported error.  *See Smith v. State*, 499 S.W.3d 1, 7–8 (Tex.Crim.App. 2016) ("There are two main purposes behind requiring a timely and specific objection.  First, the judge needs to be sufficiently informed of the basis of the objection and at a time when he has the chance to rule

---

[4] The motion in limine states, in relevant part, that the State be prohibited from introducing "[a]ny statements, admissions, or confessions made by [Buchanan] after custodial arrest requiring a hearing pursuant to *Jackson v. Denno*, 378 U.S. 368 (1964) and Art. 38.22 § 6 Texas Code of Criminal Procedure.  Tex. R. Evid. 104(c)."

on the issue at hand. Second, opposing counsel must have the chance to remove the objection or provide other testimony.").

Regarding Buchanan's due process argument, a defendant's statement may be deemed involuntary on three legal grounds in Texas: (1) article 38.22, section 6 of the Code of Criminal Procedure concerning general voluntariness; (2) *Miranda v. Arizona*,[5] as reflected in article 38.22, sections 2 and 3 of the same code; or (3) the Due Process Clause of the United States Constitution. *See Oursbourn v. State,* 259 S.W.3d 159, 169 (Tex.Crim.App. 2008) (citing TEX.CODE CRIM.PROC.ANN. art. 38.22, §§ 2, 3, 6). Buchanan's failure to state or allude to any of these grounds deprived the trial court and the State of the opportunity to address or correct any purported error. *See Smith*, 499 S.W.3d at 7–8; *Resendez*, 306 S.W.3d at 314 (objection based on one involuntary ground does not necessarily preserve the other in Texas); *cf. Jenkins v. State*, 912 S.W.2d 793, 813 (Tex.Crim.App. 1993) (en banc) (finding defendant's article 38.22, section 6 objections sufficient to preserve article 38.22, section 6 error).

Buchanan did not object during the psychologist's testimony; nor did he, in any other way, present any argument on the issues of confidentiality or due process to the trial court. Buchanan therefore did not preserve any of the arguments he now raises on appeal. *Hailey v. State*, 87 S.W.3d 118, 122 (Tex.Crim.App. 2002) (improper for appellate court to reverse a trial court's decision based on a legal theory not timely presented by the complaining party). We overrule his single issue on appeal.

### III.  CONCLUSION

The trial court's judgment is affirmed.

---

[5] *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602 (1966).

GINA M. PALAFOX, Justice

October 13, 2017

Before McClure, C.J., Rodriguez, and Palafox, JJ.

(Do Not Publish)