# NOS. 12-17-00392-CR
# 12-17-00393-CR
# 12-17-00394-CR
# 12-17-00395-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LUCAS RAY EVANS,*<br>*APPELLANT* | § | *APPEALS FROM THE 402ND* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *WOOD COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Lucas Ray Evans appeals his four convictions for aggravated sexual assault of a child. Appellant raises two issues challenging the trial court's admission of certain evidence. We affirm.

### BACKGROUND

Appellant was charged by five indictments with aggravated sexual assault of a child, enhanced by a prior felony conviction. He pleaded "not guilty," and the matter proceeded to a jury trial.

At trial, the evidence showed that a few months after marrying Rebeca Carlson, Appellant began sexually abusing Carlson's oldest child, nine-year-old W.C. When W.C. was eleven years old, she told Appellant's fourteen-year-old daughter, C.B., about the abuse. At C.B.'s insistence, W.C. told Carlson. Someone subsequently alerted the authorities, and W.C. was interviewed and examined. In Appellant's interviews with the police, he denied the allegations, but asserted that his penis might have fallen out of his pajamas on multiple occasions.

Ultimately, the jury found Appellant "not guilty" of one charge and "guilty" of the remaining four charges. The jury assessed Appellant's punishment at imprisonment for ninety-nine years in each case. This appeal followed.

<u>ADMISSIBILITY OF EVIDENCE</u>

In his first issue, Appellant challenges the admissibility of certain extraneous offense evidence. In his second issue, he challenges the admissibility of a certain witness's expert testimony.

**Standard of Review and Applicable Law**

Generally, we review a trial court's decision to admit evidence under an abuse of discretion standard. *See Martin v. State*, 173 S.W.3d 463, 467 (Tex. Crim. App. 2005). We must uphold the trial court's ruling if it is reasonably supported by the record and is correct under any theory of law applicable to the case. *Willover v. State*, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002). We will not reverse a trial court's ruling admitting evidence unless that ruling falls outside the zone of reasonable disagreement. *See Burden v. State*, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001).

**Extraneous Offense Evidence**

Before trial, the State gave notice that it intended to offer evidence of two extraneous acts of sexual abuse of W.C. by Appellant. At a pretrial hearing on the evidence's admissibility, W.C. testified that the first instance of sexual abuse by Appellant occurred while she was watching television with him. Appellant placed W.C.'s hand on his penis and caused her to stroke it. W.C. further testified that on another occasion, her brother, M.C., walked into the living room and saw her hand on Appellant's penis. M.C. testified regarding the same event.

The State argued that the evidence is admissible under code of criminal procedure Article 38.37, which provides the following:

> Notwithstanding Rules 404 and 405, Texas Rules of Evidence, and subject to Section 2-a, evidence that the defendant has committed a separate offense described by Subsection (a)(1)[1] or (2) may be admitted in the trial of an alleged offense described by Subsection (a)(1)[2] or (2) for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant.

---

[1] The extraneous acts in this case constitute indecency with a child, which is included in Subsection (a)(1). TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2(a)(1)(C); *see also* TEX. PENAL CODE ANN. § 21.11(a)(1) (West Supp. 2017).

[2] Subsection (a)(1) includes aggravated sexual assault of a child. TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2(a)(1)(E).

TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2(b) (West 2018).  Specifically, the State argued that the extraneous offense evidence is admissible

> for the reason set forth in 38.37. But, also, they show the relationship of the parties. They show a total lack of any sort of mistake on the part of the party. It was deliberate. It was a scheme. It was—it was progressive in nature. It was a continuing course of action.

In response, Appellant objected under Texas Rule of Evidence 403, contending that any probative value of the evidence is outweighed by its prejudicial effect.  The trial court overruled the objection and allowed the testimony.

On appeal, Appellant argues that the trial court erred by admitting the extraneous offense evidence without conducting a Rule 403 balancing test.  The State argues that based on the record in this case, we must presume the trial court conducted the balancing test.  We agree with the State.  When a defendant makes a Rule 403 objection, the trial court has no discretion regarding whether to engage in the balancing process.  ***Montgomery v. State***, 810 S.W.2d 372, 389 (Tex. Crim. App. 1990).  However, when nothing in the record shows that the trial court did not perform the balancing test, but the record shows the judge listened to the defendant's objections and subsequently overruled them, there is no error.  ***Rojas v. State***, 986 S.W.2d 241, 250 (Tex. Crim. App. 1998).

Here, Appellant objected and the trial court responded as follows:

> DEFENSE COUNSEL:     Your Honor, I understand the statute that [the State] is using to—as far as proposing these extraneous offenses under 38.37 of the Rules of Civil—of Criminal Procedure.
>
> I would just argue, first off, my 403 objection is that certainly any probative value of that—of this evidence is—is outweighed by the prejudicial effect that this is going to have on the entire case.
>
> I just don't feel like, you know, that it's fair that these two extraneous offenses be presented to the jury.
>
> . . . .
>
> But as far as the extraneous offenses, of course, my objection to them is that 403 objection. And I'm asking the Court to make that determination or a balancing test to see whether or not that evidence should be admitted to the jury—in front of a jury.
>
> TRIAL COURT:          All right.
>
> Basically, 38.37 under the Code makes extraneous offenses admissible in the case in chief subject to a 403 balancing test.
>
> And based on the testimony that was provided, both by the victim and the witness, certainly sets forth what appears to be a precursor or a pattern of conduct that lends itself to a potential grooming that leads up to the events that were ultimately complained of.

3

I will note your objection, Mr. Beaty. And as necessary, I'll give you a running objection should that be necessary during the course of the trial.

But I'm going to overrule your objection and allow the extraneous offense testimony.

Appellant argues that this record shows the trial court noted his objection but did not conduct a Rule 403 balancing test because it addressed the evidence's relevance but not its tendency to create unfair prejudice. We disagree that the trial court's failure to verbally address unfair prejudice means it failed to perform a balancing test. *See id.* The record shows that the trial court heard the witnesses' testimony and the arguments of counsel, acknowledged Appellant's Rule 403 objection and the need for a balancing test, and overruled the objection. We find here no indication that the trial court did not perform the balancing test, and therefore we conclude that the trial court did not err as alleged by Appellant. *See id.* Accordingly, we overrule Appellant's first issue.

**Grooming Evidence**

Kyle Henson testified that he conducted police interviews with Appellant before and after his arrest. At the time of trial, Henson was a special investigator of child abuse and neglect with the Texas Department of Family and Protective Services. He had been a licensed peace officer for over twenty-three years, held a master peace officer certification, and was a former lieutenant over criminal investigations with the Wood County Sheriff's Office.

During his testimony, and without objection from Appellant, the State asked Investigator Henson whether in his training and experience he ever encountered a process known as "grooming." Henson answered affirmatively. Upon further inquiry by the State, Henson described what grooming is. Next, the State asked for examples of grooming. Appellant objected, stating, "That's certainly not material or relevant to this case. It's certainly just opinionated." The State argued that "[Henson's] certainly got the training and experience to show what is typical and what he normally would expect to find in situations like this." The trial court overruled the objection, and Henson answered the question. Subsequently, Henson answered several more grooming related questions without further objection.

On appeal, Appellant argues that the trial court erred by allowing Investigator Henson to testify about the concept of grooming. He contends that the evidence does not show Henson was qualified to give such testimony, and therefore its admission violates Texas Rule of Evidence 702. The State argues that Appellant failed to preserve error for appellate review. Alternatively, the State

4

argues that the record shows Henson has extensive knowledge and experience related to grooming, and further, that any error is harmless considering the overwhelming evidence of Appellant's guilt.

Rule 702 states that

> [a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue.

TEX. R. EVID. 702. Because the spectrum of education, skill, and training is so wide, a trial court has great discretion in determining whether a witness is qualified to testify as an expert in a case. *Rodgers v. State*, 205 S.W.3d 525, 527–28 (Tex. Crim. App. 2006). Appellate courts may consider the following criteria in assessing whether a trial court has clearly abused its discretion in ruling on an expert's qualifications: (1) the complexity of the field of expertise, (2) the conclusiveness of the expert's opinion, and (3) the centrality of the area of expertise to the resolution of the lawsuit. *Id.* at 528. When a trial court determines that a witness is or is not qualified to testify as an expert, appellate courts rarely disturb its determination. *Vela v. State*, 209 S.W.3d 128, 136 (Tex. Crim. App. 2006).

The phenomenon of grooming is a reliable, experience based field that is subject to expert testimony. *Morris v. State*, 361 S.W.3d 649, 668–69 (Tex. Crim. App. 2011); *see also Blasdell v. State*, 470 S.W.3d 59, 64 n.8 (Tex. Crim. App. 2015). A law enforcement official who has a significant amount of experience with child sex abuse cases may be qualified to talk about grooming. *Morris*, 361 S.W.3d at 668.

Preservation of error is a systemic requirement on appeal. *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010). It is the duty of the appellate courts to ensure that a claim is preserved in the trial court before addressing its merits. *Id.* In general, a claim is preserved for appellate review only if (1) the complaint was made to the trial court by a timely and specific request, objection, or motion, and (2) the trial court either ruled on the request, objection, or motion or refused to rule and the complaining party objected to that refusal. TEX. R. APP. P. 33.1(a); *Geuder v. State*, 115 S.W.3d 11, 13 (Tex. Crim. App. 2003). If a party fails to properly object to errors at trial, even constitutional errors can be forfeited. *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012).

Although Appellant complains on appeal about all of Investigator Henson's grooming testimony, the only question he objected to is the one that asked for examples of grooming. Therefore, if his complaint is preserved, it is preserved as to that testimony only. *See* TEX. R. APP.

P. 33.1(a); *Geuder*, 115 S.W.3d at 13. Regarding that testimony, Appellant objected that it is "opinionated." The legal ground of this objection is unclear, but the fact that he did not object to Henson's remaining grooming testimony makes it unlikely he was objecting to Henson's qualifications.

However, even assuming Appellant's complaint regarding Investigator Henson's qualifications to give grooming examples is preserved, we cannot say the trial court erred by overruling his objection. First, Henson's testimony shows that he has extensive law enforcement training and experience, including experience in criminal investigations in general and child sexual abuse cases in particular. *See Morris*, 361 S.W.3d at 668. Second, giving examples of grooming behavior is not complex. *See Rodgers*, 205 S.W.3d at 528. Third, Henson did not testify that the presence of grooming behaviors, such as spending time with a child or buying her things, is conclusive of a person's guilt. *See id.* Finally, grooming behavior was not as central to the resolution of case as was the evidence of sexual activity. *See id.* Based on our review of the record, we conclude that the trial court did not abuse its discretion by allowing Henson to testify about grooming. *See id.* at 527-28; *Morris*, 361 S.W.3d at 668. Accordingly, we overrule Appellant's second issue.

## DISPOSITION

Having overruled Appellant's first and second issues, we *affirm* the trial court's judgment.

JAMES T. WORTHEN
Chief Justice

Opinion delivered October 3, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

OCTOBER 3, 2018

NO. 12-17-00392-CR

**LUCAS RAY EVANS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 402nd District Court

of Wood County, Texas (Tr.Ct.No. 22,760-2015)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 3, 2018**

**NO. 12-17-00393-CR**

**LUCAS RAY EVANS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 402nd District Court

of Wood County, Texas (Tr.Ct.No. 22,763-2015)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 3, 2018**

**NO. 12-17-00394-CR**

**LUCAS RAY EVANS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 402nd District Court
of Wood County, Texas (Tr.Ct.No. 22,764-2015)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

OCTOBER 3, 2018

NO. 12-17-00395-CR

**LUCAS RAY EVANS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 402nd District Court

of Wood County, Texas (Tr.Ct.No. 22,765-2015)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*